Dean M. WOODY and Virginia Ann Woody, Appellants,

v.

Harvey MACHIN and Phyllis Machin, Appellees.

No. 84–1946.

Supreme Court of Iowa.

Jan. 15, 1986.

Lee M. Walker and Charles G. Neighbor, of Walker, Neighbor, Larson & Billingsley, Newton, for appellants.

Donald C. Wilson, of Wilson, Hall, Wilson & Craig, Eldora, and Gilbert R. Caldwell, III, of Caldwell, Caldwell & Caldwell, Newton, for appellees.

Considered by UHLENHOPP, P.J., and HARRIS, McCORMICK, McGIVERIN and SCHULTZ, JJ.

McCORMICK, Justice.

This appeal involves the aftermath of a nuisance action tried to a jury at law. The questions concern the taxation of costs and the scope of the trial court's abatement order. We affirm the court on the costs question and reverse and remand on the abatement question.

Plaintiffs Dean and Virginia Woody brought the action against defendants Harvey and Phyllis Machin on a theory of nuisance based on negligence. We have no occasion to decide whether it was necessary for them to rely on a negligence theory. Cf. Page County Appliance Center v. Honeywell, 347 N.W.2d 171, 176 (Iowa 1984) ("An action for damages for nuisance need not be predicated on negligence."). Plaintiffs alleged that soil erosion and waste run-off from a coal mine on defendants' property created a nuisance that damaged their adjacent farm. They sought actual and punitive damages as well as injunctive relief. In addition to denying material allegations of plaintiffs' petition, defendants asserted defenses of contributory negligence and failure to mitigate damages. A third-party action by defendants against the coal company is not involved in this appeal.

The parties pursued extensive discovery and each side depended heavily at trial on expert testimony. The case was submitted on special verdicts. The jury found plaintiffs proved a nuisance existed, proximately caused by negligence of plaintiffs and defendants. Plaintiffs were assigned forty percent and defendants sixty percent of the causal negligence. Actual damages were determined to be $20,000, and no punitive damages were found. The jury found the nuisance to be continuing in nature and subject to abatement.

Subsequently the trial court awarded plaintiffs judgment against defendants for $12,000. Responding to defendants' motion to set costs, the court ordered each side to assume its own costs for depositions and expert witnesses. Remaining costs were taxed forty percent to plaintiffs and sixty percent to defendants.

After receiving proposed orders of abatement from each side, the court entered an order substantially as proposed by defendants. Defendants were ordered to construct and maintain a check dam and retaining pond in an area of sulfur water seep on their land and to construct and maintain an underground tile line from the seep area across plaintiffs' land to a creek running through that property.

Plaintiffs filed a motion asking the court to reconsider the orders on costs and abatement. They alleged that the costs should all have been taxed to defendants and that their deposition costs should have been included. They also alleged that the abatement order was inadequate to eliminate the nuisance and that the court lacked authority to give defendants an easement to construct and maintain a tile line on plaintiffs' property.

The court overruled the motion. In rejecting plaintiffs' contentions concerning costs, the court relied on Iowa Code section 625.3 (1983) as authority for their apportionment and Iowa Rule of Civil Procedure 157(a) as authority for excluding deposition expense. In rejecting the contentions concerning the abatement order, the court found that the method of abatement was both sufficient and reasonable.

Plaintiffs appealed. Their appeal was timely if the period for appeal is computed from the date of the order overruling their motion to reconsider but untimely if the period commences with the date of the costs and abatement orders.

I. *Jurisdiction.* We find that plaintiffs' motion to reconsider was in substance a motion under Iowa Rule of Civil Procedure 179(b). Thus it extended the time for appeal. *See* Iowa R.App.P. 5(a); *Beck v. Fleener*, 376 N.W.2d 594, 596 (Iowa 1985).

II. *The costs order.* Plaintiffs attack the apportionment of costs and the exclusion of taxable deposition costs from the award.

■ A. *The apportionment issue.* Plaintiffs contend the award of costs is governed by Code section 625.1 which provides: "Costs shall be recovered by the successful party against the losing party." In its first order on costs the court said defendants were the losing party. Plaintiffs argue that as prevailing party they were entitled to an award against defendants for all the costs.

Despite finding defendants were the losing party, the trial court in the same order apportioned costs and in overruling plaintiffs' motion to reconsider said the apportionment was made pursuant to Code section 625.3. Section 625.3 provides: "Where the party is successful as to part of the party's demand, and fails as to part, unless the case is otherwise provided for, the court on rendering judgment may make an equitable apportionment of costs." Thus, despite having called defendants the losing party, the court obviously believed plaintiffs had been successful in only part of their demand.

The trial court's apportionment can be supported on two grounds. First, plaintiffs were not successful on their claim for punitive damages. They failed in their demand in that respect. Secondly, plaintiffs also failed in part in their liability claim. Because of the jury finding on causal negligence, their recovery was reduced forty percent. The trial court therefore had discretion to make an equitable apportionment of costs pursuant to section 625.3. *See Gordon v. Pfab*, 246 N.W.2d 283, 289 (Iowa 1976).

Although plaintiffs contend otherwise, the applicability of section 625.3 is not limited to equity cases. We find no abuse of the trial court's discretion in apportioning costs.

■ B. *Deposition costs.* Iowa Rule of Civil Procedure 157(a) provides:

Costs of taking and proceeding to procure a deposition shall be advanced by the party taking it, and he cannot use it in evidence until such costs are paid. The costs shall be noted in the return or certificate, and taxed by the clerk. The judgment shall award against the losing party only such portion of these costs as were necessarily incurred for testimony offered and admitted upon the trial.

The clerk is separately directed to tax in favor of the party recovering costs "the necessary expenses of taking depositions or otherwise...." Iowa Code § 625.14. The only question here is whether the trial court erred in excluding all deposition costs from the cost award. The answer depends on whether the court was compelled to find that those costs or part of them "were necessarily incurred for testimony offered and admitted upon the trial" within the meaning of rule 157(a).

In previously addressing an issue under rule 157(a) this court recognized that the court's determinations under the rule involve an exercise of discretion. *See Vorthman v. Keith E. Myers Enterprises*, 296 N.W.2d 772, 779 (Iowa 1980). Thus we will reverse a finding on the necessity issue only for abuse of discretion. We have not had occasion, however, to determine under what circumstances a trial court can find the necessity standard is satisfied.

█ The admissibility of a deposition in our courts is not affected by whether it was taken for discovery or for use at trial. *Osborn v. Massey-Ferguson, Inc.*, 290 N.W.2d 893, 897 (Iowa 1980). An award of deposition costs against the losing party at trial is nevertheless limited by rule 157(a) to the portion of those costs "necessarily incurred for testimony offered and admitted upon the trial." We believe this means that a cost award may include only the costs of depositions which are introduced into evidence in whole or in part at trial. *See Moritz v. C & R Transfer Co.*, 266 N.W.2d 568, 572–73 (S.D.1978).

We do not mean the trial court lacks discretion to limit the award of deposition costs further. The court, for example,

might find the offer of deposition testimony was not made for a useful purpose in the trial of the case. Or the court might find that only a part of the costs met the necessity standard. Introduction at trial is a threshold requirement and is not conclusive.

Plaintiffs argue for a broader interpretation of the rule. They acknowledge they did not introduce any deposition testimony, but they assert the depositions were essential to their preparation for expert testimony at trial. We pass the fact they made no trial court record to support this assertion. Some support for plaintiffs' position exists in federal practice where deposition costs can be taxed when the court finds all or any part of a deposition was "necessarily obtained for use in the case." *See Nissho-Iwai Co., Ltd. v. Occidental Crude Sales*, 729 F.2d 1530, 1553 (5th Cir.1984) (costs allowed when depositions were used to help counsel structure questions of witnesses). The federal standard is not governed by rule and was liberalized after the relevant statute governing fee bills was changed from limiting taxation of deposition costs to depositions necessarily obtained for use "on trial" to those necessarily obtained for use "in the case." *See Perlman v. Feldmann*, 116 F.Supp. 102, 109 (D.Conn.1953).

Rule 157(a) tracks more closely with the previous federal standard. Moreover, even under the present federal standard, it is not certain that plaintiffs' deposition costs in the present case would be taxable. *See Koppinger v. Cullen-Schiltz & Associates*, 513 F.2d 901, 911 (8th Cir.1975) (noting that costs of purely investigative depositions are not taxable); 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2676 at 345 (2d ed. 1983) ("The cost of depositions that simply are investigative or preparatory in character, rather than for the presentation of the case, typically are not taxable."). Rule 157(a) does not permit an interpretation even as broad as the present federal standard, and we therefore reject the interpretation advocated by plaintiffs.

The trial court was not authorized to include deposition costs in the cost award in this case. Therefore the court did not err in ordering the parties to be responsible for the costs of their own depositions.

We find no merit in plaintiffs' challenge to the court's order concerning costs.

■ III. *The abatement order.* It is permissible in Iowa to bring an action to enjoin a nuisance and for damages either in equity or at law. Iowa Code § 657.1; *Friedman v. Forest City*, 239 Iowa 112, 119, 30 N.W.2d 752, 756 (1948) ("A plaintiff may choose either forum and secure the same relief."). Plaintiffs thus had authority to bring the present action at law. Even in a nuisance action brought at law, however, the appropriateness of injunctive relief is for the court to decide. In making that determination, the court must make a comparative appraisal of all the factors in the case. Applicable principles are fully explained in *Riter v. Keokuk Electro-Metals Co.*, 248 Iowa 710, 722–28, 82 N.W.2d 151, 157–62 (1957).

In the present case, plaintiffs claim that the abatement order does not provide an adequate remedy because it deals with a single source of sulphur water seepage whereas they assert the evidence showed seepage at other points. They have not provided a record upon which a challenge to the trial court's findings of fact could be reviewed, however, so we have no basis to interfere with the trial court's determination concerning the scope of the nuisance.

■ Plaintiffs' additional contention is that the court lacked authority to authorize defendants to construct and maintain a tile line on plaintiffs' property in abating the nuisance. We believe plaintiffs are correct in this contention. Even the State is prohibited by Article I, section 8, of the Iowa Constitution from restricting the rights of adjacent landowners or · enlarging their duties "in the absence of eminent domain proceedings which would include such restrictions or enlargements." *Simpson v. Iowa State Highway Commission*, 195 N.W.2d 528, 535 (Iowa 1972). The court in

this case had no authority to give defendants an easement in plaintiffs' land. Such a right could be acquired by defendants only through means recognized in our law. *See Webb v. Arterburn*, 246 Iowa 363, 378, 67 N.W.2d 504, 513 (1954).

We find that the trial court erred in giving defendants a right in plaintiffs' land in fashioning its abatement remedy. We reverse and remand the abatement order to permit the court to order a different remedy, based on principles in our cases. *See, e.g., Helmkamp v. Clark Ready Mix Co.*, 214 N.W.2d 126, 129–30 (Iowa 1974).

Costs in this court are taxed fifty percent to plaintiffs and fifty percent to defendants.

AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.

All justices concur except UHLENHOPP, J., who concurs specially.

UHLENHOPP, Justice (concurring specially).

I concur in all of the court's opinion except the statement, "We believe this means that a cost award may include only the costs of depositions which are introduced into evidence *in whole or in part* at trial." (Emphasis added.)

Iowa Rule of Civil Procedure 157(a) states in pertinent part:

The judgment shall award against the losing party only such *portion* of these [depositions] costs as were necessarily incurred for testimony *offered and admitted* upon the trial.

(Emphasis added.) I would apply the rule literally. If a deposition runs for one hundred pages but a party offers and the court receives only five pages of it, to me those five pages constitute the "testimony offered and admitted upon the trial." I would limit the award of costs to those five pages and would not include the entire deposition.

Rule 157(a) as written reflects the current effort to hold down court costs. Moreover, if the winner can thrust upon the loser the expense of numerous, lengthy

depositions by simply introducing part of each deposition into evidence, the temptation will be to do so.