Patricia **SUNDHOLM** and Christine Sundholm, Appellants,

v.

The **CITY OF BETTENDORF,** Scott County, C.W. **McCollom,** Thomas Mack and James Sweeney, Appellees.

No. 85–673.

Supreme Court of Iowa.

June 18, 1986.

Rehearing Denied July 18, 1986.

David A. Millage of Gallagher Law Office, P.C., Bettendorf, for appellants.

Michael K. Bush of Walton, Creen & Bush, Davenport, for appellees Scott County and C.W. McCollom.

Elliott R. McDonald III of McDonald, Stonebraker & Cepican, P.C., Davenport, for appellees City of Bettendorf, Thomas Mack, and James Sweeney.

HARRIS, Justice.

Plaintiffs, mother and daughter, brought these claims against defendants city, county, and certain peace officers. Their civil rights claims were dismissed by a trial court ruling and their false arrest claims were rejected by the jury. We affirm in part, reverse in part and remand.

Plaintiff Patricia Sundholm (Patricia) is the mother of Daniel Sundholm (Dan). Plaintiff Christine Sundholm (Christine) is Dan's sister. Dan was involved in a dispute with his estranged wife Marianne (Mary) over custody of their three-year-old daughter, Nikki. A dissolution of marriage proceeding was pending in which Nikki's custody was temporarily awarded to Mary. Dan was allowed specified visitation rights.

At the conclusion of one of his visitation weekends Dan refused to return Nikki until Mary gave him an answer regarding a possible reconciliation. After speaking with Mary, Dan took Nikki to his home in Davenport. The next day he took her to his parents' home in Bettendorf.

Mary telephoned the parents' home and spoke with Dan's father, Harlan Sundholm, asking for Nikki's return. Harlan refused to help her, stating he would help Dan. Mary then called the Bettendorf police and spoke with Detective Thomas Mack. He advised Mary to talk with her attorney.

On Monday Mary and her attorney obtained a writ of habeas corpus demanding the custody of Nikki. See Iowa Code ch. 663 (1985). The writ was issued without notice to Dan. An arrest warrant was also issued for Dan, charging him with violating a custodial order. See Iowa Code § 710.6. Mary and her attorney then took the writ and the warrant to the Bettendorf police.

Dan was absent from his parents' home Monday evening but had left Nikki there in the care of his parents, facts Mary learned by telephoning the Sundholm residence. Officer James Sweeney, Detective Thomas Mack, Scott County Deputy Sheriff C.W. McCollom (all defendants), and Scott County Deputy Sheriff Clark Feller (not a defendant) drove in three marked police cars and one unmarked car to the Sundholm residence to serve the writ and warrant. Mary was allowed to ride along.

Events which occurred when the officers arrived precipitated these suits. Officer Mack and Detective Sweeney went to the side door of the house while Deputy Sheriffs Feller and McCollom went to the front door. All officers except Sweeney were in uniform. Feller had possession of the writ and warrant.

When Patricia opened the back door and saw those present she attempted to slam the door on them. She claims she thought they were intruders; the officers say she was shown their officers' badges. The parties agree that Patricia started screaming and that Mack pulled her outside and handed her over to McCollom who attempted to hold her by the wrists. Very upset, Patricia continued to kick and scream. She was eventually arrested for assaulting McCollom. See Iowa Code § 708.1.

Attracted by the screams, Christine ran to the back door. Patricia screamed for her to "get Nikki," or "get the baby," which she did. The child was in the living room which the officers then entered. After a struggle, the officers took possession of Nikki. Christine was charged with interfering with official acts. See Iowa Code § 719.1.

Nikki was surrendered to Mary and both Patricia and Christine were taken to the police station where they were jailed for about two and a half hours before being released. Following a joint criminal trial Christine was granted a directed verdict of not guilty and Patricia was acquitted by the jury.

This combined suit followed. Patricia sued all defendants in two counts: (1) for false arrest and unlawful entry; and (2) deprivation of constitutional rights under 42 U.S.C. section 1983. Christine sued only the city and officers Mack and Sweeney. Her action was also in two counts and upon the same two theories. Both Patricia and Christine sought actual and punitive damages.

The trial court directed a verdict for defendants on the section 1983 actions. The false arrest claims were submitted to a jury on special verdicts. The jury found that Patricia failed to prove she had been arrested against her will and without a warrant. The jury found that Christine had been so arrested but had suffered no damages. Other findings will be mentioned in connection with various assignments of error.

**I.** The first assignment is Patricia's contention that no evidence supports the finding that she failed to prove she was arrested against her will and without a warrant. It is agreed that Patricia was arrested without a warrant and it is difficult to imagine that this was something she willed.

On the other hand Patricia did not object when the issue was submitted to the jury as a part of the trial court instructions. Counsel for the parties were furnished copies of the proposed instructions before they were submitted to the jury and were accorded an opportunity to study and take exceptions to them. *See* Iowa R.Civ.P. 196. Neither counsel objected to submitting special verdict number one, although objections were made to other issues.

Sufficiency of evidence may be challenged on appeal from judgment following a bench trial even though the point was not raised in trial court. *In re A.R.*, 316 N.W.2d 887, 888 (Iowa 1982). This rule is mandated by Iowa rule of civil procedure 179. *Grall v. Meyer*, 173 N.W.2d 61, 63 (Iowa 1969). The rule is otherwise in jury trials (where rule 179 is not involved). In order to preserve error on a claim that the evidence is insufficient to support an instruction the point must be raised at trial. *Steele v. M.E. Andrews & Sons*, 144 Iowa 360, 369, 121 N.W. 17, 21 (1909). Error on plaintiffs' first assignment was not preserved.

**II.** By another special verdict the jury found Christine was arrested against her will without a warrant and without probable cause. But by a further special verdict, which is the subject of a separate assignment, the jury found Christine was not damaged.

There was no evidence of any medical or other special damages. Christine testified she did not know if she suffered any injury from her arrest or if the neck pain she was experiencing was the result of a diving accident which occurred two days before her arrest. Christine's sister testified Christine did not appear adversely affected by the arrest. Further, Christine stated she was treated "all right" for the two and one half hours she was in jail. She did however testify she was humiliated by the incident and the resulting publicity.

On this record we cannot find as a matter of law that Christine was damaged. The assignment is without merit.

**III.** Defendants filed a pretrial motion in limine to prevent disclosing to the jury that both plaintiffs were acquitted in their criminal trial. A ruling granting that motion and excluding the evidence is the subject of plaintiffs' third assignment of error.

Even in a malicious prosecution claim probable cause does not depend upon the guilt or innocence of the accused party. Rather it depends upon the honest and reasonable belief of the party causing the prosecution. *Gordon v. Noel*, 356 N.W.2d 559, 562 (Iowa 1984).[1] In a false arrest case, such as this one, the guilt or innocence of the accused party is even less relevant. We have said:

A false arrest case involving the issue of probable cause turns on what the officer knew at the time of arrest, not what he learned later.

*Carter v. MacMillan Oil Co.*, 355 N.W.2d 52, 56 (Iowa 1984). Elements of the tort of false imprisonment do not include such a showing. *Sergeant*, 244 Iowa at 196–97, 52 N.W.2d at 93.

---

1. In a malicious prosecution case evidence of an acquittal is admitted when a favorable disposition is an element of the tort. *See Sergeant v. Watson Brothers Transportation Co.*, 244 Iowa 185, 192, 52 N.W.2d 86, 91 (1952). *See also*

*Children v. Burton,* 331 N.W.2d 673, 678 (Iowa), *cert. denied,* 464 U.S. 848, 104 S.Ct. 155, 78 L.Ed.2d 143 (1983).

The ruling was discretionary. *Carter v. MacMillan Oil Co.,* 355 N.W.2d 52, 55 (Iowa 1984). There was no abuse of discretion in the trial court ruling here. *See McKinney v. Galvin,* 701 F.2d 584, 586 (6th Cir.1983) (evidence of an acquittal properly excluded in false arrest case).

■ IV. Neither do we find error in a ruling sustaining another pretrial motion which excluded statements concerning Christine's delay in seeking employment because of her arrest. She alleged she lost employment because she had to wait in Iowa to defend against the criminal charges before moving to Seattle, Washington, to seek employment.

We know from Christine's offer of proof that she wished to present evidence that her wait caused her to delay seeking employment in Seattle. But the damages for false arrest (as distinguished from malicious prosecution) are those which flow from the detention. *See* 35 C.J.S. *False Imprisonment* § 65 (1960). Christine was released after two and one half hours. No offer was made as to availability of jobs during the month before Christine moved to Seattle. The job she actually took was available only after her arrival there. The trial court did not abuse its discretion in determining this claim was too speculative.

■ V. Because no actual damages were suffered we need not consider Christine's assignment that her claim for punitive damages should have been submitted. Some actual damages are necessary to support a claim for punitive damages. *Pringle Tax Service, Inc. v. Knoblauch,* 282 N.W.2d 151, 154 (Iowa 1979). We do not suggest the evidence otherwise showed entitlement to punitive damages.

■ VI. Plaintiffs' final assignment challenges the trial court ruling which dismissed their two counts for relief under section 1983. We find partial merit in this assignment. We recently explained the principles for such recoveries in *Willson v.*

*City of Des Moines,* 386 N.W.2d 76 (Iowa 1986). Under the holding in *Willson* both plaintiffs would have a right to have their section 1983 claims considered. There is however a partial answer to their claims in the special verdicts returned by the jury. According to the jury Patricia was not arrested against her will and Christine was not damaged. We think these purely factual findings are binding on them in their section 1983 claims. *Cf. City of Los Angeles v. Heller,* 475 U.S. ——, ——, 106 S.Ct. 1571, 1573, 89 L.Ed.2d 806, 810 (1986).

■ In Patricia's case the jury finding precludes her right to recover under section 1983. In Christine's case the finding precludes her right to recover for actual damages. But Christine still has the right to have a jury consider her claim for punitive damages and to submit her claim for attorney fees in trial court. Under the federal statute, both are recoverable without regard to actual damages. *Endicott v. Huddleston,* 644 F.2d 1208, 1217 (7th Cir. 1980); *Campise v. Hamilton,* 382 F.Supp. 172, 186 (S.D.Tex.1974). Punitive damages may be sought only against the individual officers, not the City of Bettendorf. A municipality is not liable for punitive damages under the act. *Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 269–70, 101 S.Ct. 2748, 2761, 69 L.Ed.2d 616, 633–34 (1981). The court may, but is not required to allow attorney fees to the prevailing party, even in the absence of actual damages. *Milwe v. Cavuoto,* 653 F.2d 80, 84 (2d Cir.1981). Municipalities are not immune from attorney fee awards. Christine is entitled to a remand for submission of these issues. In all other respects the trial court is affirmed. Tax costs fifty percent to Patricia, forty percent to Christine, and ten percent to defendants.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.