Patricia Lynn **LONG**, Executrix of the Estate of Sylvia Pohl, Appellee,

v.

Charles **JENSEN**, Appellant.

No. 93–730.

Supreme Court of Iowa.

Oct. 19, 1994.

Jack W. Rogers of Hohnbaum, George, Schwarz & Rogers, Des Moines, for appellant.

Mark S. Lagomarcino and Joseph J. Mowry of Hanson, Bjork & Russell, Des Moines, for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, SNELL, and ANDREASEN, JJ.

LARSON, Justice.

On March 24, 1991, Sylvia Pohl was injured as the result of a fall on the steps outside the town house occupied by her daughter and son-in-law. She sued the owner of the town house on both negligence and breach-of-contract theories. Sylvia Pohl died before the trial, and her estate was substituted as plaintiff. The jury assessed damages and the relative percentages of fault between the decedent and the defendant. The district court reduced the decedent's damages by thirty-five percent, which the jury had determined to be her percentage of fault. The court then entered judgment, with interest.

The defendant appealed, claiming error in the court's refusal to grant his directed verdict motion and in its award of interest. The plaintiff cross-appealed from the court's reduction of the judgment based on fault attributed to the decedent and from its assessment of costs. We modify the interest on the judgment and otherwise affirm on both appeals.

## I. *The Defendant's Motion for Directed Verdict.*

One of the principal disputes is whether the defendant, or the occupants of the town house, were legally liable for the injury. The decedent's daughter and son-in-law, the Trevillyans, had rented the town house since July 1987 under written leases. At the time of the fall, however, the Trevillyans were in the process of purchasing the

town home from Jensen under an offer to buy of October 1990, and the last written lease had expired.

The defendant, Jensen, claims that he was not liable as of March 24, 1991, because he had sold the property, under the offer to buy, the previous October. The plaintiff counters that, while there was an offer to buy pending at the time of the accident, the sale had not been completed and, in fact, was not completed until the following July.

The plaintiff contends, and the Trevillyans agree, that, despite the expiration of the written lease, the Trevillyans were still tenants under the same terms as the previous written lease. See Meier v. Johannsen, 242 Iowa 665, 669–70, 47 N.W.2d 793, 795–96 (1951).

The defendant contends that, as a vendor in the contract of sale, he was not liable to the vendee or any other person for personal injury suffered due to a condition of the property existing at the time of the transfer. See Emile F. Short, Annotation, *Liability of Vendor or Grantor of Real Estate for Personal Injury to Purchaser or Third Person Due to Defective Condition of Premises,* 48 A.L.R.3d 1027, 1031 (1973); see also W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 64, at 446–50 (5th ed. 1984) [hereinafter *Prosser and Keeton* ]; Restatement (Second) of Torts § 352 (1965) (vendor not liable for dangerous conditions existing at time vendor transfers possession).

The defendant points out that the Trevillyans were in possession at the time of the incident. However, we believe they were in possession as tenants, not purchasers. The written lease had expired, but the tenants remained in the town house and continued to pay $500 per month as they had under the written lease. The Trevillyans considered the $500 per month as rent. The defendant also treated the payments as something other than contract payments because, when the final settlement was made, he gave no credit against the sale price for the monthly payments received.

■ The plaintiff's position is that Jensen was a landlord, not a vendor, at the time of the incident. A landlord is liable for harm to persons on the land with a lessee's permission if it results from a condition of disrepair existing before or after the lessee has taken possession if a lessor has contracted to keep the property in repair. See Restatement (Second) of Torts § 357 (1965); see also *Prosser and Keeton* § 63, at 443–45.

■ When reviewing a motion for a directed verdict, we consider the evidence in the light most favorable to the resisting party, and the motion ruling will be affirmed if there is any substantial evidence in support of the elements of the plaintiff's case. *Swanson v. McGraw,* 447 N.W.2d 541, 542–43 (Iowa 1989).

The lease between the parties required the defendant to maintain and repair the property. We believe the evidence supports the conclusion that the sale had not been completed and that the defendant's responsibility as lessor under the original lease still bound him to repair the premises. The offer to buy was still conditional at the time of the injury, and it was not, in fact, completed until July 1991, when settlement was made and the deed delivered.

■ The general rule is that the contract for the conveyance of real estate at a future time on condition that the purchaser perform certain acts or make certain payments does not create an equitable title in the purchaser until the purchaser performs the acts and makes the payments agreed upon. 91 C.J.S. *Vendor & Purchaser* § 106, at 1013–14 (1955).

Because the parties remained in their relationship of landlord and tenants at the time of this incident, Jensen's contractual responsibility to make repairs and maintain the property remained in effect, and he was therefore liable to Sylvia Pohl.

II. *Application of Comparative Fault Principles.*

Both negligence and breach-of-contract theories were presented to the jury, and the jury answered that the defendant was liable on both theories.

■ The plaintiff cross-appealed on the ground that the trial court improperly ap-

plied the comparative fault principles of Iowa Code chapter 668 (1991). The suit was based on breach of contract, and chapter 668 was therefore inapplicable, according to the plaintiff's argument. She cites *Tratchel v. Essex Group, Inc.*, 452 N.W.2d 171 (Iowa 1990), and *Slager v. HWA Corp.*, 435 N.W.2d 349 (Iowa 1989), in support. In *Slager*, we held that comparative fault did not apply to suits brought under Iowa's Dram Shop Act. 435 N.W.2d at 358. Using a similar analysis, *Tratchel* held that comparative fault did not apply to fraud actions because contributory negligence had never been recognized in fraud cases. 452 N.W.2d at 180.

This case is not controlled by either *Tratchel* or *Slager* because it is essentially a negligence cause of action, falling within the scope of the comparative fault act. The comparative fault statute defines fault as "one or more acts or omissions that are in any measure *negligent* or reckless *toward the person* or property of the actor or others, or that subject a person to strict tort liability." Iowa Code § 668.1(1) (emphasis added).

Here, the covenant to repair merely establishes the duty element of the negligence cause of action against Jensen, and the trial court correctly submitted comparative fault to the jury.

### III. *Apportionment of Costs.*

■ A. The defendant cross-appealed from the trial court's apportionment of court costs on the same sixty-five/thirty-five percent basis. *See* Iowa Code § 625.3 (1993) ("Where the party is successful as to a part of the party's demand and fails as to part, unless the case is otherwise provided for, the court on rendering judgment may make an equitable apportionment of costs."). We review the apportionment of costs for abuse of discretion. *Bokhoven v. Klinker*, 474 N.W.2d 553, 557 (Iowa 1991); *Woody v. Machin*, 380 N.W.2d 727, 729 (Iowa 1986).

We approved apportionment of costs in the same manner in *Woody*, 380 N.W.2d at 729. *See also Bokhoven*, 474 N.W.2d at 557 (review of apportionment is for abuse of discretion when comparative fault plaintiff is more than fifty percent at fault).

The trial court did not abuse its discretion in apportioning costs according to the comparative fault percentages.

B. The plaintiff also requests that the court tax the costs of certain depositions (Charles Jensen, Mary Jensen and Dr. Fred Strickland) to the defendant, Mr. Jensen. The trial court taxed these costs to the estate.

■ In order for a party to recover the cost of a deposition at the conclusion of a trial, the deposition must be introduced into evidence either in whole or in part. *Woody*, 380 N.W.2d at 730. Additionally, the deposition must be used for a useful purpose. *Id.; see also* Iowa R.Civ.P. 157(a) (limiting the costs charged to the losing party to those "necessarily incurred for testimony offered and admitted upon the trial").

■ The estate failed to show that the depositions were introduced into evidence in whole or in part. As the defendant's brief points out, the estate itself calls Strickland's testimony surplusage, in light of the testimony by Dr. Buck. Similarly, the references that the estate makes to using Charles and Mary Jensen's depositions fail to demonstrate that the trial court abused its discretion by denying these costs. The *Woody* rationale indicates that a successful party may not recover court costs by making a mere oral reference to a deposition; therefore, the trial court did not abuse its discretion on this issue. 380 N.W.2d at 730.

### IV. *The Applicable Interest Rate.*

■ We review the trial court's interest award for errors at law. Iowa R.App.P. 4; *Vasquez v. LeMars Mut. Ins. Co.*, 477 N.W.2d 404, 406 (Iowa 1991). The trial court awarded interest from the date of filing on plaintiff's judgment according to the general interest statute, Iowa Code § 535.3 (1991), which states that the interest rate shall be ten percent unless the contract fixes a different rate. The court erred, argues Jensen, because it should have allowed interest at the rate provided under the comparative fault statute. The statute provides:

Interest shall be allowed on all money due on judgments and decrees on actions, *brought pursuant to this chapter,* subject to the following:

. . . .

3. Interest shall be calculated as of the date of judgment at a rate equal to the coupon issue yield equivalent, as determined by the United States secretary of the treasury, of the average accepted auction price for the last auction of fifty-two week United States treasury bills settled immediately prior to the date of the judgment.

Iowa Code § 668.13(3) (emphasis added).

 The trial court erred in awarding interest under the general statute, which states that "[t]his section does not apply to the award of interest for judgments and decrees subject to section 668.13." Iowa Code § 535.3. Because comparative fault was applicable, interest should have been allowed pursuant to chapter 668. Iowa Code § 668.13(3); *see also Vasquez,* 477 N.W.2d at 408–09.

### V. *The Wrongful Death Claim.*

On appeal, Jensen also argues that the trial court erred when it instructed the jury on wrongful death. He asserts that the evidence presented by Pohl's estate did not show a causal connection between her death and Jensen's acts.

Jensen's brief fails to state either how he preserved the issue for review or the appropriate standard of review. *See* Iowa R.App.P. 14(a)(5) (appellant's brief must state the standard of review and how the issue was preserved for review). Additionally, the record indicates that Jensen failed to preserve error. In order to preserve error on a claim that the evidence is insufficient to support an instruction, the point must be raised at trial. *See Sundholm v. City of Bettendorf,* 389 N.W.2d 849, 852 (Iowa 1986); *Kansas City Life Ins. Co. v. Hullinger,* 459 N.W.2d 889, 897 (Iowa App.1990). *But cf. Sundholm,* 389 N.W.2d at 852 (indicating that defendant does not need to raise a sufficiency-of-the-evidence challenge in a *bench*

*trial* under Iowa Rule of Civil Procedure 179(b)).

In a conference in which the parties discussed the jury instructions prepared by the district court, the defendant did not voice an objection to the court submitting the issue of whether a causal connection existed between his actions and Pohl's death. He objected to other parts of the instructions, but did not address the causation issue on which he bases his appeal.

Because the defendant has failed to preserve error on this issue, we do not address it. We modify the interest allowance as set out in Division IV and remand to the district court for entry of a corrected judgment accordingly.

**AFFIRMED AS MODIFIED ON APPEAL; AFFIRMED ON CROSS–APPEAL.**