# IN THE COURT OF APPEALS OF IOWA

No. 24-0471
Filed January 9, 2025

**CODY CHANDLER,**
　　Plaintiff-Appellant,

**vs.**

**JORDAN R. HUTCHINSON, in his capacity as Administrator of the Estate of Ronald Wesley Maly,**
　　Defendant-Appellee.
_____

　　Appeal from the Iowa District Court for Polk County, Lawrence P. McLellan,

Judge.


　　The plaintiff appeals the district court's award of costs following a defense

verdict in a personal-injury action. **AFFIRMED IN PART, REVERSED IN PART,**

**AND REMANDED WITH DIRECTIONS.**


　　Nathan Vos of Vos Law Firm, PLC, West Des Moines, for appellant.

　　Danielle E. Holmes and Jack W. Leverenz of Carmoney Law Firm, PLLC,

Urbandale, for appellee.


　　Considered by Schumacher, P.J., and Badding and Chicchelly, JJ.

**SCHUMACHER, Presiding Judge.**

Cody Chandler appeals the award of costs following a defense verdict in a personal-injury action. Chandler claims the district court abused its discretion by taxing him the cost of an expert-witness deposition, a portion of the cost of his own deposition, and an expert-witness fee. Upon our review, we affirm in part, reverse in part, and remand with directions.

## I.    Background Facts and Prior Proceedings

In 2020, Cody Chandler and Ronald Maly were involved in a motor vehicle accident.[1] Chandler sued Maly's estate seeking damages. The estate filed a designation of witnesses, identifying expert Dr. Trevor Schmitz and plaintiff Chandler. Counsel participated in a video deposition of Dr. Schmitz, preserving his testimony for trial. The matter proceeded to a jury trial.

Chandler requested to play only the cross-examination of Dr. Schmitz's deposition for the jury as part of his case in chief. The estate resisted Chandler's request. In the alternate, the estate requested that if Chandler was allowed to use the defense expert deposition, that the full deposition be played. Relying on Iowa Rule of Civil Procedure 1.705(1),[2] the district court ordered "if [Chandler is going to play part of it], then we'll play the entire deposition." Chandler elected to play the entire deposition for the jury in his case in chief.

The jury returned a verdict finding Maly was not "a cause of any item of damage to [Chandler]," and the district court dismissed the case. The estate filed

---

[1] Maly passed away later that year.
[2] That rule provides, "If a party offers only part of a deposition, any other party may require an offer of all of the deposition relevant to the portion offered, and any other party may offer other relevant parts." Iowa R. Civ. P. 1.705(1).

a bill of costs, requesting that the court award $2592.48 in costs, which included Dr. Schmitz's deposition of $852.88, Chandler's deposition of $489.60, and Dr. Schmitz's expert-witness fee of $1250. Chandler resisted. The district court entered an order awarding the estate $852.88 for Dr. Schmitz's deposition fee, $100 for Chandler's deposition fee, and $150 for Dr. Schmitz's expert witness fee. Chandler appeals.

## II. Standard of Review

We review the district court's decision to deny or award fees for an abuse of discretion. *K.C. v. Iowa Dist. Ct.*, 6 N.W.3d 297, 301 (Iowa 2024); *see Pierce v. Nelson*, 509 N.W.2d 471, 473, 475 (Iowa 1993) (reviewing a district court's determination of the reasonableness of expert witness deposition fees for an abuse of discretion). "An abuse of discretion occurs when a court's ruling is based on grounds that are unreasonable or untenable, or when the record lacks substantial evidence to support the court's conclusion." *K.C.*, 6 N.W.3d at 301 (cleaned up).

## III. Discussion

"Costs shall be recovered by the successful party against the losing party." Iowa Code § 625.1 (2022). Iowa Code section 625.14 authorizes the clerk to "tax in favor of the party recovering costs the allowance of the party's witnesses, . . . the necessary expenses of taking depositions by commission or otherwise, and any further sum for any other matter which the court may have awarded as costs in the progress of the action, or may allow."

Our rules of civil procedure provide instruction for taxing deposition costs: "The judgment shall award against the losing party only such portion of these costs

as were necessarily incurred for testimony offered and admitted upon the trial." Iowa R. Civ. P. 1.716.

Case law also guides our decision. When assessing costs, the district court uses a two-step decision-making process as a prerequisite for allowance of the deposition expense. *EnviroGas, L.P. v. Cedar Rapids/Linn Cnty. Solid Waste Agency*, 641 N.W.2d 776, 786 (Iowa 2002). The court first makes a factual finding regarding whether the deposition was "introduced into evidence in whole or in part at trial" and second, if it was, the court must then exercise its discretion to decide if all or some portion of the cost was "necessarily incurred." *Id.* (citation omitted). Under this two-step process, we apply a two-tiered standard of review. *See Sec. State Bank v. Ziegeldorf*, 554 N.W.2d 884, 893 (Iowa 1996) (adopting two standards of review where court was required to make a factual finding as to statutory prerequisite for allowance of attorney fees and then exercise discretion as to amount of fees to allow).

In *Cline v. Richardson*, 526 N.W.2d 166, 169 (Iowa Ct. App. 1994), a panel of this court held that it was an abuse of discretion for the district court to tax the cost of the deposition where the transcript was used in only one instance to impeach and the deposition transcript was not offered or admitted into evidence. In two additional cases, we followed that reasoning to determine the trial court abused its discretion. *See Carson v. Rothfolk*, No. 12-1021, 2013 WL 4009790, at *7 (Iowa Ct. App. Aug. 7, 2013) ("[W]e find first that the use of a deposition during cross-examination of a witness is not 'introduced into evidence' as contemplated by the rule and is therefore not a cost subject to being assessed."); *Doty v. Olson*, No. 09-1852, 2010 WL 5050565, at *5 (Iowa Ct. App. Dec. 8, 2010)

("A successful party may not recover deposition costs under Rule 1.716 by 'mere oral reference' to a witness's deposition during trial.").

As to the assessment of expert witness fees by the district court, the award is governed by statute:

> Witnesses called to testify only to an opinion founded on special study or experience in any branch of science, or to make scientific or professional examinations and state the result thereof, shall receive additional compensation, to be fixed by the court, with reference to the value of the time employed and the degree of learning or skill required; but such additional compensation shall not exceed one hundred fifty dollars per day while so employed.

Iowa Code § 622.72.

## A.    Costs of Dr. Schmitz's Deposition

Chandler first challenges the court's award of $852.88 for Dr. Schmitz's deposition. To support his contention, Chandler points to Iowa Rule of Civil Procedure 1.716. According to Chandler, it was "improper" for the court to tax the deposition cost against Chandler because the estate "did not read Dr. Schmitz's deposition into evidence in their case in chief or at any other time" and so Dr. Schmitz's testimony was not "necessarily incurred" by the estate.

Chandler relies on *Miranda v. Said*, No. 11-0552, 2012 WL 2410945, at *12 (Iowa Ct. App. June 27, 2012), *aff'd on other grounds*, 836 N.W.2d 8 (Iowa 2013), to support his contention. But *Miranda* is distinguishable from the facts presented here. In that case, the court of appeals affirmed the district court's denial of the losing party's deposition costs where "[t]he only deposition offered and admitted into evidence at trial was [the successful party's expert], and his deposition was offered in evidence by [the successful party]." *Miranda*, 2012 WL 2410945, at *12. The court reasoned, "Thus, [the losing party] failed to offer evidence that the

expenses incurred in taking [the expert]'s deposition were necessarily incurred." *Id.*

Here, the estate designated Dr. Schmitz as its expert witness, and the entire video deposition of Dr. Schmitz was admitted at trial. *See Long v. Jensen*, 522 N.W.2d 621, 624 (Iowa 1994) (observing a "threshold requirement" "for a party to recover the cost of a deposition at the conclusion of a trial" is that "the deposition must be introduced into evidence either in whole or in part"). After the threshold requirement involving using the deposition at trial is met, the reviewing court affords the district court discretion to tax the deposition expense as a cost. *See Woody v. Machin*, 380 N.W.2d 727, 730 (Iowa 1986).

The district court found:

> Defendant seeks the costs for the deposition of Dr. Schmitz pursuant to Iowa Code sections 625.1 and 625.14. Dr. Schmitz's testimony was taken by deposition by the defendant and presented to the jury by video. The entire deposition was shown to the jury at trial by video. The court finds the costs for the court reporter and videographer were necessarily incurred for this deposition. The deposition transcript cost $539.90 and the video deposition cost $312.98. The court finds the defendant is entitled to these costs for Dr. Schmitz's deposition.

We find no abuse of the court's discretion in taxing as costs the videographer and transcript expenses for Dr. Schmitz's deposition. *See In re Estate of Hetrick*, No. 11-1702, 2012 WL 3860749, at *3–4 (Iowa Ct. App. Sept. 6, 2012) (affirming charge for videotaping services as necessary expense); *Doty v. Olson*, No. 09-1852, 2010 WL 5050565, at * 5 (Iowa Ct. App. Dec. 8, 2010) (affirming video deposition expense as a taxable cost to unsuccessful party). We affirm on this issue.

**B.    Cost of Plaintiff's Deposition**

The estate also requested $489.60 for the "deposition transcript of Cody Chandler." The district court awarded the estate a portion of its request—$100—reasoning:

> The defendant seeks the costs to take the deposition of the plaintiff, Cody Chandler. His deposition was used at trial for some impeachment and on redirect by plaintiff's counsel but was not offered in whole or part as evidence. The plaintiff testified in person and was subject to cross-examination by the defendant in court. The court finds defendant is entitled to a portion of the costs of transcribing his deposition. The court awards the defendant $100.00 for plaintiff's deposition.

On appeal, Chandler challenges the award of the $100 fee for his deposition. The estate asserts that this claim was not preserved for our review because neither the trial transcript nor the deposition transcript itself were made part of the record. But both parties agree that the deposition was not admitted into the record, a requirement for costs to be awarded. Because the deposition transcript here was not offered or admitted at trial, we find the trial court abused its discretion in awarding a portion of the plaintiff's deposition cost and reverse the taxation of that cost.

**C.    Expert Witness Fee**

Finally, Chandler challenges the court's award of $150 for Dr. Schmitz's expert witness fee. Chandler argues the court "erred in assessing these costs against [him] as the expert's testimony was not offered by the defense and admitted upon the trial through the defense at any time." We find no error in the court's decision to tax the statutory expert fee of $150. *See* Iowa Code § 622.72 (limiting expert-witness testimony compensation to a maximum of $150 per day).

The award was within the statutory limit, and we find no support for Chandler's argument in the plain language of the statute.

## IV. Conclusion

We affirm the award of $852.88 for Dr. Schmitz's deposition fee, we reverse the award of $100 for Chandler's deposition fee, and we affirm the award of $150 for Dr. Schmitz's expert witness fee.  And we remand for correction of entry of the judgment for costs in accordance with this opinion.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.**