---

[No. 20045.   Department Two. — May 14, 1885.]
## THE PEOPLE, APPELLANT, *v.* C. D. PLATT, RESPONDENT.

PERJURY — INSOLVENCY — FALSE VERIFICATION — OMISSION OF PROPERTY FROM SCHEDULE. — A petitioner in insolvency is guilty of perjury in verifying his petition, schedule, and inventory in the form and manner prescribed by the Insolvent Act of April 16, 1880, if he wilfully omits from his schedule any of his property. The provision in the insolvent act making such omission a misdemeanor does not affect the statute against perjury.

ID. — INFORMATION — DESCRIPTION OF PROPERTY OMITTED. — The information described the property alleged to have been omitted from the schedule as " consisting among other things of diamonds, watches, jewelry, money, and other personal effects belonging to him and his estate." *Held*, that the description was sufficiently definite and certain.

APPEAL from an order of the Superior Court of Los Angeles County sustaining a demurrer to an information.

The defendant was informed against for the crime of perjury, alleged to have been committed in falsely swearing to the correctness of certain schedules and inventories filed by him in

insolvency proceedings instituted under the Insolvent Act of April 16, 1880.   The further facts are stated in the opinion of the court.

*Attorney-General Marshall,* for Appellant.

*J. F. Godfrey,* and *Howard & Roberts,* for Respondent.

SHARPSTEIN, J. — It seems to be conceded that a petitioner in insolvency who. should wilfully omit from his schedule any of his property, and then verify his petition, schedule, and inventory in the form and manner prescribed by law, would be guilty of perjury, were it not for a provision in the insolvent act which makes such omission a misdemeanor.   And the respondent insists that the latter act "creates a misdemeanor of what before was a felony," and that "the old law is gone by reason of the repugnance, and the offender can only be indicted under the new."   But the latter act does not make the verification of a schedule by a petitioner from which he has wilfully omitted some of his property a misdemeanor.   If he " fraudulently or designedly omits from his schedule any property or effects whatsoever . . . . he shall be deemed guilty of a misdemeanor."   We cannot discover any repugnancy or inconsistency between that and a statute which makes the verification of a false schedule by a petitioner who knows it to be false, a felony.   " The invariable rule of construction in respect to the repealing of statutes by implication is, that the earliest act remains in force, unless the two are manifestly inconsistent with and repugnant to each other."   (*Bowen* v. *Lease,* 5 Hill, 221.)   "It is necessary to the implication of a repeal that the objects of the two statutes be the same.   If they are not, both will stand though they may refer to the same subject."   (*United States* v. *Claflin,* 97 U. S. 546.)   Here the objects of the two statutes are not the same.   And as was said in *Ramson* v. *Ramson,* 52 Ill. 62:  "The acts are not upon the same subject, and if the rule be, as it undoubtedly is, that a subsequent act upon the same subject will not be held to repeal a former act by implication, unless the new act contains provisions contrary to, or irreconcilable with those of the former act, with much more force and propriety may it be argued that a subsequent act, not

on the same subject, shall not be construed to repeal a former act by mere implication."

We are unable to find anything in the insolvent act which indicates that it was the intention of the legislature to make that a misdemeanor which was a felony before. That which it declares shall be deemed to be a misdemeanor was neither a misdemeanor nor a felony before.

The allegation that the defendant " wilfully concealed a large amount of property, consisting among other things of diamonds, watches, jewelry, money, and other personal effects belonging to him and his estate," seems to us to be sufficiently definite and certain. The defendant swore that his schedule and inventory contained a full, perfect, and true discovery of all his estate, real, personal, and mixed goods and effects. The charge is that he wilfully omitted from his schedule the property above mentioned. A minute description of the property might be impossible; and if exacted, might defeat the ends of justice, as a variance between the proof and allegation would be fatal. We think the defendant is sufficiently apprised by the information of the charge which he must be prepared to meet on the trial. If innocent, there is no more danger of his being convicted than there would be if the property had been described with the greatest minuteness, although his chance of escape, if guilty, might have been much better if it had been so described.

Judgment reversed, with directions to the court below to overrule the demurrer to the information, with leave to the defendant to plead thereto as he shall be advised.

THORNTON, J., and MYRICK, J., concurred.