Frank **TRENERY** and Lena Trenery,
Appellees,

v.

Martin D. **WINBERG** and Martin Lau,
Appellants.

No. 54324.

Supreme Court of Iowa.

May 5, 1971.

Rehearing Denied June 14, 1971.

A. Fred Berger, Sr., and A. Fred Berger, Jr., Davenport, for appellants.

Seymore M. Raben, Davenport, for appellees.

STUART, Justice.

We granted an interlocutory appeal in this matter to review the order of the trial court overruling defendants' special appearance in Cause No. 51759 in the Scott County District Court. On October 17, 1969, plaintiffs commenced Cause No. 51600 against defendants and sought to obtain service under the nonresident motorist statutes, sections 321.498 through 321.512, 1966 Code. The original notice which stated the petition "is now on file" was marked "received" by the public safety commissioner at 9:30 a. m. October 17, 1969. The petition was marked "filed" in the office of the Clerk of the Scott County District Court at 9:47 a. m. the same date or 17 minutes after the notice was received by the commissioner.

On December 12, defendants appeared specially challenging the jurisdiction of the court and moved for dismissal under Rule 55, Rules of Civil Procedure because the petition was not filed as stated in the original notice. On December 29, defendants' special appearance was submitted to the trial court after hearing. Thereafter on the same day and while the court had the special appearance under advisement, plaintiffs voluntarily dismissed their petition without prejudice under R.C.P. 215. The same lawsuit was filed again the next day as Cause No. 51759.

On February 25, 1970 defendants appeared specially in Cause No. 51759 challenging the jurisdiction under section 321.-511 and R.C.P. 217. The trial court overruled defendants' special appearance and we granted permission for an interlocutory appeal.

■ I. The first question is the right of a plaintiff to dismiss under R.C.P. 215 when defendants' special appearance based on failure to comply with R.C.P. 55 had been submitted to the court.

R.C.P. 215 provides: "A party may, without order of court, dismiss his own petition * * * at any time *before trial has begun.* * * * A dismissal under this rule shall be without prejudice, unless otherwise stated; * * *." (Emphasis added)

Defendants take the position that the trial had begun because the judge had taken their special appearance under advisement and it was too late for plaintiffs to voluntarily dismiss under R.C.P. 215 and that the dismissal therefore was a dismissal on the merits under R.C.P. 217 which provides: "All dismissals not governed by rule 215 or not for want of jurisdiction or improper venue, shall operate as adjudications on the merits unless they specify otherwise."

It makes no difference whether we consider the matter was submitted as a special appearance for the sole purpose of challenging jurisdiction, R.C.P. 66, or as intended to be a general appearance and a motion to dismiss, George v. Gander (1967), 261 Iowa 275, 280, 154 N.W.2d 76, 79, because under either view the submission would not constitute a trial which is defined as "a judicial examination of issues in an action, whether of law or fact. Issues arise where a pleading of one party maintains a claim controverted by an adverse party. * * *" R.C.P. 176. Allowable pleadings are listed in R.C.P. 68 and do not include a special appearance. Motions are specifically excluded under R. C.P. 69 and R.C.P. 109. Union Trust &

Savings Bank v. Stanwood Feed & Grain, Inc. (Iowa, 1968), 158 N.W.2d 1, 3.

As defendants had not at the time of the submission filed a pleading, no issues were yet raised by the pleadings upon which a trial could be had. We hold the trial had not begun and plaintiffs could voluntarily dismiss their petition without prejudice under R.C.P. 215.

 II. Defendants also argue that under George v. Gander, supra, the motion to dismiss under R.C.P. 55 was a defensive matter not for the sole purpose of attacking the court's jurisdiction and converted the special appearance into a general appearance and that a dismissal following a general appearance bars a second service of notice under the nonresident motorist statute, which provides: "The dismissal of an action after the nonresident has entered a general appearance under the substituted service herein authorized, shall bar the recommencement of the same action against the same defendant unless said recommenced action is accompanied by actual personal service of the original notice of suit on said defendant in this state." Section 321.511.

We do not believe the legislature intended such technical interpretation to apply to "general appearance" in section 321.511. The legislature intended to protect a nonresident from repeated dismissals after he had once been subjected to the jurisdiction of our courts. Although in Credit Industrial Corp. v. Miller (1963), 255 Iowa 1022, 1026, 125 N.W.2d 142, 144, we held failure to file a petition at or before the time stated in the notice was not a jurisdictional defect and consequently held the special appearance was technically a general appearance in George v. Gander, supra, the dismissal with prejudice is so harsh it should not be applied to the voluntary dismissal of a cause of action being attacked under R.C.P. 55 and bar the reinstitution of the same action by service under the nonresident motorist statutes.

For the reasons stated we affirm the order of the trial court overruling defendant's special appearance and remand the case for further proceedings.

Affirmed and remanded.

All Justices concur, except REYNOLDSON, J., who takes no part.