Kristofer SORENSEN, a minor, By and Through his parents and next friends, Nord S. SORENSEN and Laura E. Dunbar; Katrina Sorensen, a minor, by and through her parents and next friends, Nord S. Sorensen and Laura E. Dunbar; and Nord S. Sorensen and Laura E. Dunbar, individually, Appellants,

v.

SHAKLEE CORPORATION a/k/a Shaklee Products, Inc., Appellee.

No. 89–960.

Supreme Court of Iowa.

Oct. 17, 1990.

James R. Welsh of Welsh & Sibbernsen, Omaha, Neb., and Patrick Carr, Spencer, for appellants.

Dennis M. Gray and Scott J. Rogers of The Peters Law Firm, Council Bluffs, for appellee.

HARRIS, Justice.

May plaintiffs dismiss their tort suit without prejudice after defendant's motion for summary judgment has been submitted, but not yet ruled upon? The question turns on whether a summary judgment proceeding is a trial under Iowa rule of civil procedure 215. The trial court determined that it is and voided plaintiffs' attempt to dismiss their suit. We reverse.

Plaintiffs are parents of two severely retarded children. On behalf of the children they brought this products liability suit against defendant Shaklee Corporation, the manufacturer of alfalfa tablets

which both parents had consumed. Plaintiffs contend the children's mental retardation resulted from a chemical used in processing the tablets.[1]

After issues were joined, and following extensive discovery, Shaklee moved for summary judgment. When the motion was submitted following hearing, plaintiffs requested and were granted time to file written briefs.

Sensing an adverse ruling, however, plaintiffs filed, not a written brief, but a dismissal of their suit under Iowa rule of civil procedure 215.[2]

Plaintiffs promptly refiled the same suit in federal court. At Shaklee's request the trial court ruled that plaintiffs were without authority to dismiss their suit at such a juncture because, under rule 215, the right to dismiss expires with commencement of trial. In Iowa rule of civil procedure 176 trial is broadly labeled a "judicial examination of issues in an action, whether of law or fact." The trial court then proceeded to sustain the motion for summary judgment on its merits. This appeal followed.

■ I. We seem never to have answered whether a plaintiff can dismiss[3] a suit which has been submitted for ruling on a motion for summary judgment. Cases from other jurisdictions, especially from the federal courts, cast little light because of differing rules and statutes. *See* Annotation, *Time When Voluntary Nonsuit or Dismissal may be Taken as of Right Under Statute so Authorizing at Any Time Before "Trial," "Commencement of the Trial," "Trial of the Facts," or the Like,* 1 A.L.R.3d 711 (1965). Persuading arguments can be urged for both sides of the question.

Existing principles in the area were developed in reaction to the common-law rule, under which a suit could be dismissed without prejudice anytime prior to judgment. *Page v. Sackett,* 69 Iowa 226, 228, 28 N.W. 567, 568 (1886). Iowa has gradually reacted to the common-law rule by moving back the point at which a plaintiff may abort a suit without ending the controversy. The reaction, originally legislative, has not always employed the same terms or time frames existing today. *See Eclipse Lumber Co. v. City of Waukon,* 204 Iowa 278, 213 N.W. 804 (1927).

Shaklee contends, and the trial court ruled, that the right to dismiss did not exist here because the summary judgment proceeding amounted to a "trial," as defined in rule 176. The contention has considerable appeal in that the proceeding, at first blush, seems to fit under the broad description of a trial under that rule; it was a judicial examination of issues of law and fact. Shaklee ascribes a certain bad faith on the part of plaintiffs in participating in the summary judgment proceeding and, it is said, misleading the court by asking time to submit briefs while preparing the papers of dismissal.

It is however clear that plaintiffs had a clear right to dismiss a case without prejudice at any time prior to trial. And our cases clearly hold that proceedings on motions, as distinguished from pleadings, are not considered trials under the Iowa rules.

In *Union Trust & Savings Bank v. Stanwood Feed & Grain, Inc.,* 158 N.W.2d 1, 3 (Iowa 1968), a case involving a motion to dismiss, we defined the term "trial" on the basis of both rules 176 and 109. Trials, we said, involve issues arising in pleadings, not those arising in motions. *Id.* at 2–3. We visited the question again in *Trenery v. Winberg,* 186 N.W.2d 636 (Iowa 1971), where plaintiff dismissed an action following the filing of what was called a special appearance. We said:

> The party may, without order of court, dismiss that party's own petition ... at any time before the trial has begun....

1. Plaintiffs also sued for loss of consortium as parents. Those claims were dismissed as barred under the two-year statute of limitations. Iowa Code § 614.1(2) (1989). The dismissal precipitated a legal malpractice suit which is the subject of a separate appeal.

2. Iowa rule of civil procedure 215, since amended, then provided in relevant part:

3. References to the right to dismiss appearing in this opinion refer to the right to dismiss without prejudice.

It makes no difference whether we consider the matter was submitted as a special appearance for the sole purpose of challenging jurisdiction, R.C.P. 66, or as intended to be a general appearance and a motion to dismiss, [authority], because under either view the submission would not constitute a trial which is defined as "a judicial examination of issues in an action, whether of law or fact. Issues arise where a pleading of one party maintains a claim controverted by an adverse party...." R.C.P. 176. Allowable pleadings are listed in R.C.P. 68 and do not include a special appearance. Motions are specifically excluded under R.C.P. 69 and R.C.P. 109.

*Id.* at 637 (quoting *Union Trust & Sav. Bank,* 158 N.W.2d 1, 3 (Iowa 1968)). In another context we held a summary judgment proceeding is not a trial under rule 176 in *Orr v. Iowa Public Service Company,* 277 N.W.2d 899, 901 (Iowa 1979).

Summary judgment arises by way of motion, not pleading. Many, perhaps most, motions address matters which appear in pleadings. Certainly this motion for summary judgment did. But, under the clear wording of our procedural rules, Shaklee's motion was not a pleading. It was no more a pleading than the motion for dismissal in *Trenery* or the motion for a new trial in *Union Trust & Savings Bank.*

Plaintiffs' position is strengthened by oft-quoted language which goes to the very definition of a summary judgment: "The purpose of all summary judgment rules is to *avoid* useless trials." *Bauer v. Stern Fin. Co.,* 169 N.W.2d 850, 853 (Iowa 1969) (emphasis added). The proceeding following Shaklee's motion for summary judgment was not a trial.

II. Plaintiffs also challenge a trial court order taxing them with costs incident to the taking of experts' depositions. Having determined this proceeding was not a trial, it follows that the trial court was without authority to assess those costs following dismissal of the suit. Rule of civil procedure 125(f) provides no such authority; it merely provides the framework for acquiring the expert testimony. Assess-

ment of costs among the parties is governed by rule of civil procedure 157(a). Under rule 157(a) authority to tax costs for expert witnesses terminated with dismissal. *Schark v. Gorski,* 421 N.W.2d 527, 529 (Iowa 1988).

What we have said also makes it unnecessary to review other assignments of error, including the trial court's determination of the summary judgment motion on its merits; that matter became moot with the dismissal of the suit.

The judgment of the trial court is reversed.

All justices concur except CARTER, J., who takes no part.

REVERSED.