# IN THE SUPREME COURT OF IOWA

No. 22–0365

Submitted November 16, 2022—Filed January 6, 2023

**SUSAN RONNFELDT,**

Appellant,

vs.

**SHELBY COUNTY CHRIS A. MYRTUE MEMORIAL HOSPITAL** d/b/a **MYRTUE MEDICAL CENTER** and **SHELBY COUNTY MEDICAL CORPORATION,**

Appellees.

---

Appeal from the Iowa District Court for Shelby County, Richard H. Davidson, Judge.

The plaintiff appeals from the district court's order vacating the plaintiff's prior voluntary dismissal of her medical malpractice action without prejudice and dismissing the plaintiff's case with prejudice. **REVERSED.**

Oxley, J., delivered the opinion of the court, in which all participating justices joined. Christensen, C.J., took no part in the consideration or decision of the case.

David J. Cripe of Hauptman O'Brien Wolf & Lathrop, Omaha, Nebraska, for appellant.

Frederick T. Harris, Bryony J. Whitaker, Theodore T. Appel, and Agnieszka Gaertner (until withdrawal) of Lamson Dugan & Murray, West Des Moines, for appellees.

**OXLEY, Justice.**

In 2017, the Iowa General Assembly enacted Iowa Code section 147.140, tightening the expert witness requirements for plaintiffs in medical malpractice actions. Section 147.140 requires the plaintiff to file a certificate of merit affidavit within sixty days of the defendant's answer; failure to do so "shall result . . . in dismissal with prejudice." Iowa Code § 147.140(6) (2021). The fighting issue in this case is whether that statute's dismissal requirement trumps a plaintiff's right under Iowa Rule of Civil Procedure 1.943 to voluntarily dismiss her case, once, without prejudice. The defendants contend that it does since their section 147.140 motion to dismiss was filed before the plaintiff's rule 1.943 dismissal. They also argue that the statute and rule are irreconcilable, meaning section 147.140 should control. For the reasons that follow, we conclude the two can be harmonized and the plaintiff's voluntary dismissal of her case was without prejudice.

## I. Factual and Procedural History.

In May 2016, Ronnfeldt underwent a hernia repair surgery at Myrtue Medical Center in Shelby County. A CT scan revealed a "significant enlargement of [her] uterus" which, according to the notes in the medical records, warranted follow-up discussions and investigation. But Ronnfeldt was never informed of the results of the scan or referred for further treatment. Four years later, Ronnfeldt returned to Myrtue Medical Center complaining of abdominal pain. Another CT scan revealed the mass had "significantly increased in size" and was

now a tumor. After surgery to remove the tumor, Ronnfeldt was diagnosed with stage IV uterine cancer.

Ronnfeldt sued Myrtue Medical Center alleging medical negligence; she added Shelby County Medical Corporation as a defendant in her amended petition (both will be collectively referred to as "Myrtue" in this opinion). Myrtue filed its answer on July 1, 2021, giving Ronnfeldt sixty days to file a certificate of merit affidavit. *See* Iowa Code § 147.140(1)(*a*). On October 27—118 days after Myrtue's answer—Ronnfeldt had yet to file such a certificate, so Myrtue moved to dismiss her petition with prejudice. *See id.* § 147.140(6) (providing dismissal with prejudice as the remedy for "[f]ailure to substantially comply with" the certificate of merit requirement).

The same day, Ronnfeldt voluntarily dismissed her petition. *See* Iowa R. Civ. P. 1.943 ("A party may, without order of court, dismiss that party's own petition . . . . [The first] dismissal under this rule shall be without prejudice."). The district court entered an order noting that a review of the file revealed the voluntary dismissal, that the clerk of court had closed the file, and that Myrtue's motion to dismiss was now moot. Myrtue moved the court to reconsider, arguing that dismissal with prejudice was mandatory under section 147.140, and Ronnfeldt could not avoid that statutory mandate by filing a rule 1.943 voluntary dismissal. The court agreed that it retained jurisdiction to consider Myrtue's motion to dismiss, which it then granted, dismissing Ronnfeldt's claims with prejudice.

Ronnfeldt appealed, arguing her voluntary dismissal terminated the case in the district court and that, if section 147.140 does trump rule 1.943, "the legislature usurped the authority of the judiciary when it enacted [section] 147.140," violating the separation-of-powers doctrine. We retained the appeal.

We hold that the district court lacked jurisdiction to rule on Myrtue's motion to dismiss. Ronnfeldt's voluntary dismissal was self-executing and ended the case, leaving nothing for the district court to dismiss.

**II. Error Preservation and Standard of Review.**

As Myrtue notes, Ronnfeldt's appellate brief fails to identify where in the record her separation-of-powers argument was raised and decided in the district court. *See* Iowa R. App. P. 6.903(2)(*g*)(1) (providing that the argument section of appellate briefs "shall include . . . [a] statement addressing how the issue was preserved for appellate review, with references to the places in the record where the issue was raised and decided"). We generally will not do a party's work for them, particularly if that "require[s] us to assume a partisan role and undertake the [party's] research and advocacy." *Inghram v. Dairyland Mut. Ins.*, 215 N.W.2d 239, 239–40 (Iowa 1974) (en banc); *see also State v. Stoen*, 596 N.W.2d 504, 507 (Iowa 1999) ("[W]here a party's failure to comply with the appellate rules requires the court 'to assume a partisan role . . .,' we will dismiss the appeal." (quoting *Inghram*, 215 N.W.2d at 240)).

On our review of the record, we do not see where Ronnfeldt's separation-of-powers argument was preserved for appeal. "Generally, we will only review an issue raised on appeal if it was first presented to and ruled on by the district

court." *State v. Mitchell*, 757 N.W.2d 431, 435 (Iowa 2008). This includes constitutional issues. *See id.* To preserve a challenge to the constitutional validity of a statute, litigants must raise the issue "at the earliest available time in the progress of the case." *State v. Mann*, 602 N.W.2d 785, 790 (Iowa 1999) (quoting *State v. McCright*, 569 N.W.2d 605, 607 (Iowa 1997)). Ronnfeldt did not raise a constitutional challenge to section 147.140 in her resistance to Myrtue's motion to reconsider, or indeed, based on our review of the record, at any point in the district court proceedings. Because Ronnfeldt's brief fails to identify anything in the record to the contrary, we agree with Myrtue that the constitutional challenge is not properly preserved for our review. Myrtue concedes, however, that Ronnfeldt's statutory and jurisdictional arguments were preserved by her resistance to Myrtue's motion to reconsider, where she first made these arguments.

We review both a motion to dismiss and a district court's statutory construction for correction of errors at law. *Struck v. Mercy Health Servs.-Iowa Corp.*, 973 N.W.2d 533, 538 (Iowa 2022).

**III. Analysis.**

This case presents an issue of statutory construction: can section 147.140 and rule 1.943 coexist, or do those provisions irreconcilably conflict? Our rules of civil procedure "have the force and effect of statute," *Helland v. Yellow Freight Sys., Inc.*, 204 N.W.2d 601, 604 (Iowa 1973) (en banc) (quoting *Johnson v. Iowa State Highway Comm'n*, 134 N.W.2d 916, 917 (Iowa 1965)); *see also City of Sioux City v. Freese*, 611 N.W.2d 777, 779 (Iowa 2000) (en banc) (per curiam) ("[T]he

rules of civil procedure . . . have the force and effect of law." (citation omitted)), and "are subject to rules of statutory construction," *State v. Luckett*, 387 N.W.2d 298, 301 (Iowa 1986). In the event of an apparent conflict between statutes, "they shall be construed, if possible, so that effect is given to both." Iowa Code § 4.7. We do not apply one statute over another unless the conflict between the provisions is irreconcilable. *See id.* §§ 4.7–.8. "If more than one statute relating to the subject matter at issue is relevant to the inquiry, we consider all the statutes together in an effort to harmonize them. Harmonization of the applicable statutes evidences the true intent of the legislature." *State v. Carpenter*, 616 N.W.2d 540, 542 (Iowa 2000) (en banc) (citations omitted). Turning to the provisions at issue, we hold they are not irreconcilably conflicting.

As always, "we start with the language of the statute." *Beverage v. Alcoa, Inc.*, 975 N.W.2d 670, 680 (Iowa 2022). In 2017 the Iowa General Assembly enacted Senate File 465, titled "AN ACT relating to medical malpractice claims, including noneconomic damage awards and expert witnesses, and including applicability provisions." 2017 Iowa Acts ch. 107 (codified at Iowa Code § 135P.1 (2018); *id.* §§ 147.136A, .139–.140). As its name implies, the act was limited to medical malpractice legislation. It imposed stricter requirements on the qualifications for expert witnesses in medical malpractice suits, *id.* § 3 (codified at Iowa Code § 147.139 (2018)), and adopted a certificate of merit requirement for plaintiffs to keep their claims in court, *id.* § 4 (codified at Iowa Code section

147.140 (2018)).[1] Pursuant to these new provisions, in a cause of action against a healthcare provider that requires expert testimony, the plaintiff must, "prior to the commencement of discovery in the case and within sixty days of the defendant's answer, serve upon the defendant a certificate of merit affidavit signed by an expert witness with respect to the issue of standard of care and an alleged breach of the standard." Iowa Code § 147.140(1)(*a*). "Failure to substantially comply with [the certificate of merit requirement] shall result, upon motion, in dismissal with prejudice of each cause of action as to which expert witness testimony is necessary to establish a prima facie case." *Id.* § 147.140(6).

Our appellate courts have addressed this statute by published opinion only twice. In *Struck v. Mercy Health Services-Iowa Corp.*, we held that a plaintiff did not get another opportunity to flesh out any "ordinary negligence" claims that might not need an expert after missing the certificate of merit deadline. 973 N.W.2d at 541 ("By alleging only 'professional negligence' claims and not filing a certificate of merit, [Struck] effectively pleaded herself out of court. If Struck really has ordinary negligence claims that don't require expert testimony, she should have alleged them in her petition or moved for leave to amend to add them, neither of which she did." (citation omitted)). And in *McHugh v. Smith*, the court of appeals held that a plaintiff could not meet the certificate of merit requirement with discovery responses, which were themselves provided well

---

[1] Iowa is not unique; "[a]t least twenty-eight other states have enacted certificate or affidavit of merit statutes." *Struck*, 973 N.W.2d at 541 (citing John D. North, *Tort Reform—Certificate of Merit*, 9 Bus. & Com. Litig. Fed. Cts. § 103:31 (5th ed. 2021)).

beyond the sixty-day deadline. 966 N.W.2d 285, 289 (Iowa Ct. App. 2021). Both cases reveal that the sixty-day dismissal rule is strict.

Iowa Rule of Civil Procedure 1.943, on the other hand, is of much older vintage; not to mention the pedigree of the rule it codifies. Colloquially referred to as the two-dismissal rule, the current rule provides:

> A party may, without order of court, dismiss that party's own petition . . . at any time up until ten days before the trial is scheduled to begin. . . . A dismissal under this rule shall be without prejudice, unless otherwise stated; but if made by any party who has previously dismissed an action against the same defendant, . . . such dismissal shall operate as an adjudication against that party on the merits, unless otherwise ordered by the court, in the interests of justice.

*Id.* Originally numbered as rule 215 prior to the 2001 restyling, the rule was included with our first enactment of a unified body of civil procedure rules in 1943. *See* Iowa Code, Rule of Civil Procedure No. 215 (1946); *Lawson v. Kurtzhals*, 792 N.W.2d 251, 256 (Iowa 2010) ("In 1943, Iowa Rule of Civil Procedure 215, now renumbered as rule 1.943, was enacted."). Prior to that, statutes allowed voluntary dismissals "any time up to the moment before 'final submission to [the] jury or court.' " *Lawson*, 792 N.W.2d at 256 (alteration in original) (quoting *Jeffords v. Stockton*, 117 N.W.2d 497, 499 (Iowa 1962)); *see also* Iowa Code § 1803 (1851) ("When there is no counter-claim to be considered the plaintiff may at any time before the jury return with their verdict submit to a non-suit at his own cost."). The dismissal was both automatic and without prejudice to refiling. *See Marsh v. Graham*, 6 Clarke 76, 77 (Iowa 1858) ("The submitting to the non-suit is [the plaintiff's] own act, and not the act or decision of the court, and does not prevent the commencement of a new suit, for the same

cause of action. This rule we understand to be well settled, where, as in this case, the plaintiff is voluntarily non-suited."). When rule 215 was enacted, the cutoff for a voluntary dismissal was moved up to the start of trial, apparently in an effort to mirror the parallel federal rule as it existed at that time. *See* Iowa R. Civ. P. 1.943 official comment enactment 1943 (noting rule 215 "adopted the substance of Federal Rule 41"). In 1990, the cutoff was again moved up, this time in response to concerns about fairness to defendants when plaintiffs dismissed their cases "at the last minute before trial or when the plaintiff could not obtain a continuance of the trial." *Id.* official comment amendment 1990. Rather than move in lock-step with the federal rule like it had before, however, finding that rule had become "too harsh for plaintiffs," the cutoff date was only moved up to the last ten days before trial. *Id.* It remains there today.[2] *Id.* r. 1.943. Throughout the rule's history, its purpose has been "primarily . . . to give a litigant a right to dismiss without the consent of the court or the opposing party, and to define when [the litigant] may do this." *Jeffords*, 117 N.W.2d at 500 (quoting *Mensing v. Sturgeon*, 97 N.W.2d 145, 148–49 (Iowa 1959)).

We have characterized the plaintiff's right to dismiss under this rule as "absolute." *See Valles v. Mueting*, 956 N.W.2d 479, 484 (Iowa 2021) (noting that

---

[2]This timing continues to distinguish rule 1.943 from its federal counterpart—Federal Rule of Civil Procedure 41—and federal cases cited by Myrtue applying that rule. *See, e.g.*, *Morrow v. United States*, 47 F.4th 700, 703–04 (8th Cir. 2022). Under the federal rule, a plaintiff's right to unilaterally dismiss without prejudice is cut off once the defendant "serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i), (a)(1)(B). Thereafter, plaintiffs must obtain either the defendants' agreement or the court's permission to dismiss their case. *Id.* R. 41(a)(1)(A)(ii), (a)(2); *see also Morrow*, 47 F.4th at 704 ("Because [the Plaintiffs] moved for voluntary dismissal after [the government] filed its answer, the action could be dismissed 'only by court order, on terms the court considers proper.'" (alterations in original) (quoting *Graham v. Mentor Worldwide LLC*, 998 F.3d 800, 804 (8th Cir. 2021))).

under rule 1.943, the plaintiff "had the absolute right to dismiss the . . . defendants when she did"); *Venard v. Winter*, 524 N.W.2d 163, 167 (Iowa 1994) ("Under rule [1.943], a party has an absolute right to dismiss the action" within the time window provided); *Smith v. Lally*, 379 N.W.2d 914, 916 (Iowa 1986) ("[P]laintiffs' [voluntary] dismissal of their action in Scott County was absolute and deprived the court of jurisdiction of the case."). By "absolute," we refer to the rule's "self-executing" nature—a voluntary dismissal does not require a court order for it to take effect, *see Valles*, 956 N.W.2d at 484 (noting plaintiff had the right to dismiss "without court approval," meaning her "dismissal was self-executing"), and courts do not have discretion to deny it, *Lawson*, 792 N.W.2d at 256 ("The phrase 'without order of court' indicates that this may be done at the will of the party; thus, the court retains no discretion to prevent such dismissal."), as long as it is filed before the ten-day-before-trial cutoff. Once properly filed, "a dismissal without prejudice under rule [1.943] ordinarily deprives . . . court[s] of jurisdiction," in the sense that it eliminates a live case or controversy for the court to exercise authority over. *Venard*, 524 N.W.2d at 167.

Looking to the plain text of these provisions it is clear that they do not intersect, except in the broad sense that both provide mechanisms for dismissing cases; otherwise, section 147.140 says nothing about voluntary dismissals, and rule 1.943 says nothing about compliance with a certificate of merit requirement. *Compare* Iowa Code § 147.140 (2021), *with* Iowa R. Civ. P. 1.943. The narrow issue we face, then, is whether the requirement for dismissal with prejudice in section 147.140 directly conflicts with a voluntary dismissal without prejudice

under rule 1.943. We believe both may be given effect without placing them at odds: a rule 1.943 dismissal ends the case, leaving nothing to dismiss under section 147.140; absent a rule 1.943 dismissal, section 147.140 continues to govern the case. *See State v. Peters*, 525 N.W.2d 854, 857 (Iowa 1994) ("Statutes covering the same ground are not irreconcilable if they can be read 'in pari materia.' ").

The provisions only directly conflict if Myrtue is correct that section 147.140 effectively created a vested right to dismissal with prejudice—i.e., upon filing its motion to dismiss for failing to timely file a certificate of merit affidavit, section 147.140 immediately and automatically entitled Myrtue to that outcome. As the legislature drafted it, however, section 147.140 is not self-executing. Filing a motion to enforce the statute is only the first step in the process of dismissing a cause of action with prejudice under section 147.140. The district court must then determine: whether the case "includes a cause of action for which expert testimony is necessary to establish a prima facie case," thereby triggering section 147.140 to begin with, Iowa Code § 147.140(1)(*a*); whether the "substantial compliance" standard was met, *see id.* § 147.140(1)(*b*), (6); and whether the case includes any causes of action not requiring an expert, since dismissal applies only to "each cause of action as to which expert witness testimony is necessary to establish a prima facie case," *id.* § 147.140(6). These are substantive decisions the district court must make after a defendant files a motion under section 147.140. *See, e.g.*, *Struck*, 973 N.W.2d at 541 (addressing whether any of the allegations in plaintiff's petition asserted ordinary negligence claims not subject

to the certificate of merit requirement that could survive dismissal after the plaintiff failed to file a timely certificate of merit); *McHugh*, 966 N.W.2d at 291–92 (concluding that "the timing of the certificate of merit affidavit is material" and holding that "[e]ven if the interrogatory answers were equivalent to the certification of merit affidavit," the plaintiff failed to substantially comply with the requirements of section 147.140 where the answers were not completed until 118 days after the defendant's answer). As long as there is a live case, the district court can address a defendant's section 147.140 challenge.

But dismissal under rule 1.943 is self-executing. Once the plaintiff voluntarily dismisses her case under rule 1.943, the district court lacks jurisdiction to adjudicate the merits of the case, including the section 147.140 motion to dismiss, *see Venard*, 524 N.W.2d at 167, leaving nothing left to dismiss with prejudice. Nothing in section 147.140 suggests it survives an otherwise proper dismissal to support Myrtue's claim to a vested right to a ruling on its motion to dismiss. We will not read a conflict into the statute that is not there. *See Taschner v. Iowa Elec. Light & Power Co.*, 86 N.W.2d 915, 920 (Iowa 1957) ("An act is not impliedly repealed because of conflict, inconsistency, or repugnancy between it and a later act unless the conflict, inconsistency, or repugnancy is plain, unavoidable and irreconcilable." (quoting 82 C.J.S. *Statutes* § 291(b) (1953))).

The statute's use of the mandatory "shall" directive does not change this analysis. We have rejected this argument in the related context of a summary judgment motion, where the governing rule of civil procedure uses similar

mandatory language: "The *judgment* sought *shall be rendered forthwith* if the [record] show[s] . . . that the moving party is entitled to a judgment as a matter of law." Iowa R. Civ. P. 1.981(3) (emphasis added). Despite this mandatory language, a pending motion for summary judgment does not foreclose a plaintiff from dismissing her case without prejudice and refiling the same lawsuit. *See Sorensen v. Shaklee Corp.*, 461 N.W.2d 324, 324–25 (Iowa 1990) (en banc). In *Sorensen v. Shaklee Corp.*, the plaintiffs filed a voluntary dismissal of their products liability case after the defendant moved for summary judgment and the district court had held a hearing on that motion. *Id.* at 325. We relied on the express language of rule 1.943 to reject the district court's conclusion "that plaintiffs were without authority to dismiss their suit" while the summary judgment motion was pending. *Id.* The only textual limitation on a plaintiff's right to unilaterally dismiss her case was (at that time) the start of trial, and nothing in the summary judgment rule, including the mandatory "shall," negated that right. *Id.* The pending summary judgment motion did not cut off the plaintiffs' right to voluntary dismissal; rather, the dismissal mooted the summary judgment motion. *Id.* at 325–26; *see also Venard*, 524 N.W.2d at 168 (holding that plaintiff had an absolute right to voluntarily dismiss his action even to avoid a pending summary judgment motion).

Likewise, that section 147.140's dismissal remedy is explicitly provided for in the statute, and that it is "with prejudice" rather than without, does not reveal the legislature intended an implicit exception to rule 1.943. Myrtue argues we anticipated such an outcome in *Venard*, when we held that section 668.11 and

rule 1.943 did not conflict because, *inter alia*, "[s]ection 668.11 says *nothing* about dismissal of *any* lawsuit." 524 N.W.2d at 167. Therefore, Myrtue argues, a statute that does say something about dismissal is in conflict with rule 1.943. Although that distinction factored into our analysis in *Venard*, it did so only as further evidence in support of our holding that those provisions were not related, and therefore did not conflict; not as an implicit holding unto itself. *See id.* at 167–68. The lack of a dismissal remedy in section 668.11 solidified the conclusion that there was no relationship between that statute and rule 1.943, but that does not mean a statute which does provide for dismissal necessarily creates an irreconcilable conflict with rule 1.943. *Cf. Sorensen*, 461 N.W.2d at 325–26 (confirming, despite mandatory language in the summary judgment rule, and despite summary judgment rulings requiring dismissal with prejudice, that a pending motion for summary judgment does not preclude a voluntary dismissal). Rather, the more natural implication of section 147.140's explicit "dismissal with prejudice" remedy is that it cabins the district court's discretion to craft remedies other than dismissal or to dismiss without prejudice when a plaintiff fails to substantially comply with the section 147.140 requirements. *See Alvarez Victoriano v. City of Waterloo*, ___ N.W.2d ___, ___ (Iowa 2022) (construing the phrase "shall result in dismissal with prejudice" in Iowa Code § 670.4A(3) to "limit[] the dispositions available to the district court, i.e., when ruling on a motion to dismiss, the district court must dismiss the case . . . and must do so 'with prejudice.' The word 'shall' in no way limits the plaintiff's long-established pleading rights." (citation omitted)).

If the legislature intended section 147.140 to operate as an immediate and inexorable end to a plaintiff's case from the moment a defendant files a motion to enforce the statute, "it could easily have said so." *Venard*, 524 N.W.2d at 167. "We assume 'when a legislature enacts statutes it is aware of the state of the law.' " *Simon Seeding & Sod, Inc. v. Dubuque Hum. Rts. Comm'n*, 895 N.W.2d 446, 467 (Iowa 2017) (quoting *Rhoades v. State*, 880 N.W.2d 431, 446 (Iowa 2016)). The legislature undoubtedly was aware of rule 1.943 when it enacted section 147.140, particularly in light of our holding in *Venard* that a plaintiff who missed the deadline in section 668.11 for certifying experts in a medical malpractice claim could dismiss under rule 1.943 and refile. *See Venard*, 524 N.W.2d at 167–68. Section 668.11 was "designed to require plaintiffs to have their proof prepared at an early stage in the litigation in order to protect professionals from having to defend against frivolous suits," *Nedved v. Welch*, 585 N.W.2d 238, 240 (Iowa 1998) (per curiam), very much like the purpose of section 147.140, *see Struck*, 973 N.W.2d at 542 (recognizing that "the certificate of merit requirement serves to 'identify and weed non-meritorious malpractice claims from the judicial system efficiently and promptly' " (quoting *Womer v. Hilliker*, 908 A.2d 269, 275 (Pa. 2006))). Yet, we also said in *Venard* that if "the legislature intended a relationship between rule [1.943] and section 668.11, it could easily have said so." 524 N.W.2d at 167. We will not read more into the statute than it says. *Cf. Chi. Pro. Sports Ltd. P'ship v. Nat'l Basketball Ass'n*, 961 F.2d 667, 671 (7th Cir. 1992) ("When special interests claim that they have obtained favors from Congress, a court should ask to see the bill of sale. Special interest laws do not

have 'spirits,' and it is inappropriate to extend them to achieve more of the objective the lobbyists wanted. What the industry obtained, the courts enforce; what it did not obtain from the legislature—even if similar to something within the exception—a court should not bestow." (citations omitted)).

Here, it is not just the difference between a dismissal with or without prejudice. The import of rule 1.943 is that it is self-executing and ends the case as soon as the dismissal is filed by the plaintiff. No action is needed by the district court, and indeed, any further action on the merits of the case following the dismissal is of no effect. Had the general assembly intended to avoid the dismissive effect of rule 1.943 when it enacted section 147.140, we expect it would have been explicit.

Finally, we note that the district court's reliance on *Darrah v. Des Moines General Hospital*, 436 N.W.2d 53 (Iowa 1989), is misplaced, as section 147.140 does not provide a collateral consequence that survives dismissal of a lawsuit. In *Darrah*, we recognized that district courts "retain[] the . . . authority to adjudicate the collateral problem created by prior wrongful conduct of the dismissing party warranting rule 80(*a*) [(now rule 1.413(1))] sanctions," as an exception to "the general rule that voluntary dismissal divests the court of jurisdiction." *Id.* at 55. Reasoning that "the ultimate sanction is dismissal" with prejudice, the district court here relied on that holding to conclude Myrtue was entitled to a ruling on its motion to dismiss despite Ronnfeldt's voluntary dismissal of the case.

*Darrah* did not turn on the fact that what is now rule 1.413(1) involved imposition of some type of "sanction," writ large. Rather, it recognized the district court's authority to address issues that are collateral to the merits of a lawsuit even after the lawsuit, and with it the court's jurisdiction over it, has ended. *Id.*; *see Schettler v. Iowa Dist. Ct.*, 509 N.W.2d 459, 464 (Iowa 1993) ("[W]e think our discussion in [*Darrah*] makes it clear that a motion for sanctions is a collateral matter, . . . '[*and does*] *not decide any issue in the main suit. The issue of sanctions* [*is*] *a separate, collateral and independent issue to plaintiff's lawsuit.*' " (quoting *Bd. of Waterworks Trs. v. City of Des Moines*, 469 N.W.2d 700, 702 (Iowa 1991))). Rule 1.413(1) authorizes a court to sanction a party or her attorney for filing pleadings or motions that are not well grounded in fact and supported by law, or that are filed for an improper purpose, such as to harass or needlessly increase the costs of litigation. Iowa R. Civ. P. 1.413(1). Although the conduct arises directly from a lawsuit, the rule subjects a party to sanctions independent from the adjudication or resolution of the case, and as we held in *Darrah*, a plaintiff cannot avoid those collateral consequences by voluntarily dismissing her case. 436 N.W.2d at 55.

In the one case where we have extended *Darrah*, the statute at issue there—Iowa Code section 657.11—similarly involved sanctions for conduct collateral to the merits of the underlying suit. *See Merrill v. Valley View Swine, LLC*, 941 N.W.2d 10, 16–17 (Iowa 2020); *see also* Iowa Code § 657.11(5) ("If a court determines that a claim is frivolous, a person who brings the claim as part of a losing cause of action . . . shall be liable to the person against whom the

action was brought for all costs and expenses incurred in the defense of the action."). In *Merrill v. Valley View Swine, LLC*, we applied *Darrah* to conclude that the plaintiffs' second voluntary dismissal, which was deemed an adjudication on the merits under rule 1.943, was a "losing cause of action" within the meaning of section 657.11(5) authorizing an award of sanctions by the court. *See Merrill*, 941 N.W.2d at 16–17. Under either of these scenarios, when a plaintiff dismisses her "*own* petition," Iowa R. Civ. P. 1.943 (emphasis added), there still exists an independent, collateral controversy for the court to decide. The court's continuing jurisdiction in these situations is analogous to a district court's authority to rule on posttrial motions for costs and fees even after a notice of appeal has otherwise stripped it of jurisdiction over the merits of the case. *See, e.g.*, *Iowa State Bank & Trust Co. v. Michel*, 683 N.W.2d 95, 110 (Iowa 2004) ("Although the filing of a notice of appeal generally deprives the district court of jurisdiction, the court 'retains jurisdiction to proceed as to issues collateral to and not affecting the subject matter of the appeal.' The issue of attorney fees is such a collateral matter." (citation omitted) (quoting *Landals v. George A. Rolfes Co.*, 454 N.W.2d 891, 897 (Iowa 1990))).

Section 147.140, on the other hand, does not subject plaintiffs or entitle defendants to consequences that are collateral to the underlying lawsuit—both its directives and its remedy for noncompliance are inextricably tied to the existence of a case over which to govern. And, like the case itself, they evaporate once the lawsuit no longer exists. *See Lawson*, 792 N.W.2d at 255 n.2 ("After voluntary dismissal, the case is considered 'nonexistent' and the matter usually

deemed 'unreviewable.' "). At that point, there is nothing more for the court to adjudicate; the issue is moot. *See State ex rel. Turner v. Midwest Dev. Corp.*, 210 N.W.2d 525, 525–26 (Iowa 1973) (per curiam) (recognizing that "[a]n action is moot if it no longer presents a justiciable controversy because the issues involved have become academic or nonexistent," (quoting *Cooley v. Ensign–Bickford Co.*, 209 N.W.2d 100, 102 (1973)), and dismissing the appeal when the plaintiff filed a voluntary dismissal after the appeal was perfected). In short, sanctioning parties for wrongful conduct is a natural incident of courts' inherent authority over the *parties* appearing before it; section 147.140, on the other hand, is concerned solely with the merits of the *lawsuit.* Once the lawsuit is disposed of, there is nothing for the court's order to apply to.

Further, unlike the rule 1.413(1) sanctions at issue in *Darrah* that would have been entirely evaded absent an exception to rule 1.943, allowing a plaintiff to dismiss an action without prejudice does not undermine the purpose of section 147.140, which is to promptly "identify and weed [out] non-meritorious malpractice claims." *Struck*, 973 N.W.2d at 542 (quoting *Womer*, 908 A.2d at 275). Rule 1.943 allows only one voluntary dismissal without prejudice; a second dismissal would be with prejudice. Iowa R. Civ. P. 1.943; *see ACC Holdings, LLC v. Rooney*, 973 N.W.2d 851, 852 (Iowa 2022) (stating that "[rule] 1.943 allows plaintiffs to dismiss their petitions without prejudice and start over—once," as a matter of right). Thus, even if a plaintiff dismisses and then refiles a malpractice action when she fails to timely provide a certificate of merit, she still has just sixty days after the defendant's answer in the refiled case to comply. Importantly,

the plaintiff is precluded from conducting any discovery prior to serving the certificate of merit affidavit, Iowa Code § 147.140(1)(*a*), so the defendant is largely protected from the expense and burden of litigation even if the initial case is dismissed and refiled. And the plaintiff would be subject to dismissal with prejudice under both rule 1.943 and section 147.140 if she was unable to comply with the certificate of merit requirement in the refiled case.

Myrtue's concern about plaintiffs using rule 1.943 to "avoid [the] adverse consequences of noncompliance with" section 147.140 is best made to the legislature. If that concern warranted a different result here, we would also have had to reach a different conclusion in *Venard* after recognizing that our holding might allow a level of "gamesmanship" for plaintiffs to avoid the consequences of the statute. *See Venard*, 524 N.W.2d at 167–68. But instead, we reached the exact opposite conclusion—that "it would not matter" if Venard were intentionally trying to avoid section 668.11's consequences by dismissing under rule 1.943, since "[t]he motive of the dismissing party plays no part in a voluntary dismissal under rule [1.943]." *Id.* at 168. A plaintiff is "entitled to dismiss the first action without prejudice for any reason." *Id.* If the legislature wanted to avoid application of our rule 1.943 jurisprudence in the section 147.140 context, it needed to make that explicit in the statute.

Absent more specific directives from the legislature, we hold that Ronnfeldt's rule 1.943 voluntary dismissal effectively ended this case before the district court ruled on Myrtue's motion to dismiss under section 147.140. The dismissal mooted Myrtue's pending motion, and the district court lacked

jurisdiction to posthumously resurrect and rule on it. The court's subsequent ruling on the motion to reconsider is void and must be reversed. *See Klinge v. Bentien*, 725 N.W.2d 13, 16 (Iowa 2006) ("If a court enters a judgment without jurisdiction over the subject matter, the judgment is void . . . .").

### IV. Conclusion.

The district court lacked jurisdiction to rule on Myrtue's motion to dismiss under section 147.140 after Ronnfeldt voluntarily dismissed the case. Its order on that motion is hereby reversed.

**REVERSED.**

All justices concur except Christensen, C.J., who takes no part.