# IN THE SUPREME COURT OF IOWA

No. 22–0405

Submitted November 16, 2022—Filed January 6, 2023

**JAHN PATRIC KIRLIN** and **SARA LOUISE KIRLIN,**

Appellants,

vs.

**BARCLAY A. MONASTER, CHRISTIAN WILLIAM JONES,** and **PHYSICIANS CLINIC, INC.** d/b/a **METHODIST PHYSICIANS CLINIC–COUNCIL BLUFFS,**

Appellees.

---

Appeal from the Iowa District Court for Pottawattamie County, Michael Hooper, Judge.

Plaintiffs in a medical malpractice action appeal from the district court's grant of summary judgment for the defendants. **REVERSED AND REMANDED.**

Oxley, J., delivered the opinion of the court, in which all participating justices joined. Christensen, C.J., took no part in the consideration or decision of the case.

Kelly N. Wyman (argued), Council Bluffs, and Dean T. Jennings, Council Bluffs, for appellants.

Bryony J. Whitaker (argued), Frederick T. Harris, and Agnieszka M. Gaertner (until withdrawal) of Lamson Dugan & Murray LLP, West Des Moines, for appellee Barclay A. Monaster.

Robert A. Mooney (argued) and Betsy Seeba-Walters of Mooney, Lenaghan, Westberg Dorn, L.L.C., Omaha, Nebraska, for appellees Christian William Jones and Physicians Clinic, Inc. d/b/a Methodist Physicians Clinic–Council Bluffs.

**OXLEY, Justice.**

This case raises questions about the interplay between the plaintiffs' right to voluntarily dismiss their own petition under Iowa Rule of Civil Procedure 1.943 and the requirement for a plaintiff in a medical malpractice action to provide a certificate of merit affidavit signed by a qualified expert witness within sixty days of the defendant's answer or face dismissal with prejudice under Iowa Code section 147.140(6) (2021). The plaintiffs timely filed a certificate of merit affidavit in their medical malpractice case but then voluntarily dismissed the case after the defendants challenged the qualifications of the expert witness who signed the affidavit. The plaintiffs then refiled their case and provided a certificate of merit affidavit signed by a different expert witness. The defendants argued the plaintiffs were bound by the purportedly deficient certificate of merit from the first case, and the district court agreed, granting summary judgment to the defendants in the second case.

We addressed related issues in another opinion filed today, *Ronnfeldt v. Shelby County Chris A. Myrtue Memorial Hospital*, ___ N.W.2d ___ (Iowa 2022), where we reaffirmed a plaintiff's right to voluntarily dismiss her medical malpractice case without prejudice under rule 1.943, even in the face of a pending motion seeking dismissal with prejudice under section 147.140(6). The question we must now answer is whether a plaintiff who files a noncompliant certificate of merit and then voluntarily dismisses the case is stuck with the certificate filed in the first case when bringing a second action. For the reasons stated below and in *Ronnfeldt,* we answer that question in the negative.

**I. Factual and Procedural History.**

In the spring of 2019, Jahn Kirlin sought medical treatment for persistent pain in his head and neck. Dr. Christian Jones, of the Methodist Physicians Clinic–Council Bluffs, recommended Jahn take medications to manage his pain over the short-term and suggested an MRI could be necessary if his symptoms did not improve. Jahn's symptoms did not improve, and when he returned to receive further treatment, he was placed in Dr. Barclay Monaster's care. Dr. Monaster did not order an MRI, however, recommending instead that Jahn continue managing his pain as before. Jahn experienced a stroke soon after that visit.

On September 11, 2020, Jahn and his wife Sara (the Kirlins) filed their first petition against Dr. Jones, Dr. Monaster, and Methodist Physicians Clinic (the Defendants)[1] alleging negligence and seeking compensation for Jahn's injuries and Sara's loss of consortium. The Kirlins timely filed a section 147.140 certificate of merit affidavit on October 2, signed by Dr. David Segal, a board-certified neurosurgeon.[2] The Defendants challenged the certificate on the basis that Dr. Monaster is a family physician and Dr. Segal was not board-certified in family medicine. *See* Iowa Code §§ 147.139(1) (requiring the affiant to be "licensed to practice in the same or a substantially similar field as the

---

[1]That petition also contained claims against a chiropractor and his clinic, but those defendants were omitted from the refiled case from which this appeal is taken.

[2]Defendants Dr. Jones and Methodist Physicians Clinic assert there is no evidence in the record that the certificate of merit was served on them, as required by Iowa Code section 147.140(1)(*a*). The district court did not address the lack of service, which has no bearing on the outcome of the appeal. We therefore do not address it further.

defendant"), .139(3) ("If the defendant is board-certified in a specialty, the [affiant must be] certified in the same or a substantially similar specialty . . . ."), .140(1)(*a*) (requiring that the expert affiant "meet the qualifying standards of section 147.139"). Before the district court could issue a ruling on those motions, however, the Kirlins voluntarily dismissed their petition without prejudice under Iowa Rule of Civil Procedure 1.943.

The Kirlins refiled their petition on April 14, 2021, and provided a new certificate of merit signed by Dr. Brian Smith—board-certified in family medicine—who opined that each defendant in the second case breached the standard of care. The Defendants moved to dismiss the second case on the basis that the certificate of merit signed by Dr. Segal from the first case was deficient. The district court denied the Defendants' motions to dismiss because, at the pleadings stage, it could not consider facts outside the Kirlins' petition, including Dr. Segal's certificate of merit from the first case. The Defendants then filed answers and moved for summary judgment on the same bases as alleged in their motions to dismiss, again relying on their challenge to Dr. Segal's certificate of merit. The Defendants did not challenge whether Dr. Smith's certificate of merit affidavits complied with section 147.140. Their claim was limited to whether the certificate of merit affidavit the Kirlins filed in the first case entitled them to dismissal of the second case.

Now having the ability to consider filings outside of the petition, the district court granted the Defendants' motions for summary judgment. The district court first determined that it could consider the issue of statutory compliance from the

first case by extending our holding in *Darrah v. Des Moines General Hospital*, 436 N.W.2d 53 (Iowa 1989), and characterizing the dismissal requirement in section 147.140 as a sanction. The district court took "the same stance with respect to enforcing sanctions after a voluntary dismissal [as *Darrah*] because without the authority to impose sanction[s], the rule effectively loses the teeth originally intended by the 'harsh consequence' of [section 147.140], the legislative intent as outlined in *McHugh v. Smith*, 966 N.W.2d 285 (Iowa Ct. App. Mar. 17, 2021)." After determining that the Kirlins' first certificate of merit did not substantially comply with section 147.140, the district court noted it would have been required to "dismiss the Plaintiffs['] claims with prejudice in the previous case had there been the procedure to address the enforcement of the sanction. Unfortunately, there is no procedure yet written that affords the courts the ability to address an unsettled motion in order to determine the defendants' rights without resorting to a successive case." The district court then granted the Defendants' motions for summary judgment, dismissing the second case based on the deficient certificate of merit filed in the first case.

The Kirlins appealed. We retained the appeal to clarify the interplay between section 147.140 and rule 1.943.

**II. Standard of Review.**

We review summary judgment motions for correction of errors at law. *Lennette v. State*, 975 N.W.2d 380, 388 (Iowa 2022). Summary judgment is proper only if the record reflects "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Iowa R. Civ.

P. 1.981(3). Because this appeal turns on the district court's application of section 147.140, "summary judgment is the proper vehicle to test the validity of [the] claim . . . [and] we need only decide whether the district court properly applied the law." *Hill v. State, Dep't of Hum. Servs.*, 493 N.W.2d 803, 804–05 (Iowa 1992) (citation omitted); *see also Johnson v. Associated Milk Producers, Inc.*, 886 N.W.2d 384, 389 (Iowa 2016) ("Summary judgment is proper if the only issue is the legal consequences flowing from undisputed facts." (quoting *Peak v. Adams*, 799 N.W.2d 535, 542 (Iowa 2011))).

**III. Analysis.**

Today's related case, *Ronnfeldt*, ___ N.W.2d ___, resolves this appeal. There, we held that a plaintiff's voluntary dismissal under rule 1.943 mooted the defendants' pending motion to dismiss premised on noncompliance with section 147.140's certificate of merit requirements, and the plaintiff's first dismissal was without prejudice as provided by rule 1.943. *Id.* at ___. We concluded that rule 1.943 and section 147.140 are not irreconcilably conflicting for two reasons. *Id.* at ___. First, the plain text of those provisions does not put them at odds—rule 1.943 says nothing about certificates of merit, and section 147.140 says nothing about voluntary dismissals. *Id.* at ___. Second, section 147.140 is not self-executing and can only apply when there is a case over which it can govern, which is lost once the plaintiff voluntarily dismisses her action under rule 1.943, which is self-executing. *Id.* at ___. Once the case was voluntarily dismissed without prejudice, the section 147.140 motion was mooted as there was nothing left to rule on when the district court granted the defendants' motion to

reconsider their motion to dismiss. *Id.* at ___ (concluding that "the district court lacked jurisdiction to posthumously resurrect and rule on" the defendants' motion to dismiss after the case was voluntarily dismissed).

If a court in the *same* case cannot rule on the validity of a section 147.140 motion after a voluntary dismissal, it is hard to imagine how a later court could do so in a *second* case. The district court here was astute in recognizing that "there is no procedure yet written that affords the courts the ability to address an unsettled motion" under section 147.140 after a voluntary dismissal. That is because none was written into the statute. Unless, and until, the general assembly expressly provides that rule 1.943 does not apply when a motion is pending under section 147.140, we continue to apply our jurisprudence under that rule.

In *Ronnfeldt*, we also rejected the district court's reliance on *Darrah*, which allowed continuing jurisdiction over collateral issues even after the district court lost jurisdiction over the merits of a case. *Id.* at ___ (distinguishing *Darrah*). The right to dismissal under section 147.140 when a plaintiff fails to provide a compliant certificate of merit goes to the merits of the action, not a matter collateral to the underlying action, so there is nothing over which the district court could retain jurisdiction once the action is voluntarily dismissed. *Id.* at ___; *cf. Sorensen v. Shaklee Corp.*, 461 N.W.2d 324, 324–26 (Iowa 1990) (en banc) (reversing the district court's order granting summary judgment where plaintiffs voluntarily dismissed their petition prior to the court's ruling, explaining that "the summary judgment motion . . . became moot with the dismissal of the suit").

In distinguishing *Darrah,* we recognized that rule 1.943 allows only one voluntary dismissal without prejudice, so giving effect to a plaintiff's absolute right to dismiss her petition does not frustrate the legislative purpose behind section 147.140. *Ronnfeldt,* ___ N.W.2d at ___. That same reasoning defeats the Defendants' reliance on *Darrah* here. Where a section 147.140 dismissal goes to the merits of the Kirlins' claims, and the Kirlins voluntarily dismissed the underlying case, this case follows *Sorensen,* and the Defendants' lack of redress is of no moment.

The Defendants assert that a compliant certificate of merit affidavit is a substantive right that nonetheless "attached" once they filed section 147.140 motions in the first case. But as with the argument we rejected in *Ronnfeldt*— that section 147.140 vests defendants with a right to dismissal with prejudice as soon as a motion is filed—we see nothing in that statute supporting this argument. *Ronnfeldt,* ___ N.W.2d at ___. District courts still have substantive considerations to make that could keep a plaintiff's case alive, in whole or in part; the outcome of a section 147.140(6) motion is not inexorable upon filing. *Id.* at ___. Further, their argument ignores the effect of a rule 1.943 dismissal. "A dismissal without prejudice leaves the parties as if no action had been instituted. It ends the particular case but is not such an adjudication itself as to bar a new action between the parties." *Venard v. Winter,* 524 N.W.2d 163, 163, 167 (Iowa 1994) (quoting *Windus v. Great Plains Gas,* 116 N.W.2d 410, 415–16 (Iowa 1962)). The Defendants' assertion that plaintiffs in a medical malpractice action are limited to the certificate of merit they file in their first case would essentially

gut the "without prejudice" part of a voluntary dismissal, *see* Iowa R. Civ. P. 1.943 ("A dismissal under this rule *shall be without prejudice . . . .*" (emphasis added)), which allows plaintiffs—once—to refile their claims, *see ACC Holdings, LLC v. Rooney*, 973 N.W.2d 851, 852 (Iowa 2022) (stating that "[rule] 1.943 allows plaintiffs to dismiss their petitions without prejudice and start over—once," as a matter of right).

The Defendants do make one argument not addressed in *Ronnfeldt*, pointing to language in *Witt Mechanical Contractors, Inc. v. United Brotherhood of Carpenters, Local 772*, 237 N.W.2d 450 (Iowa 1976), where we said that the effect of a voluntary "dismissal when defendant's pleadings are solely defensive is final and terminates the jurisdiction of the court thereof," *id.* at 451. Seizing on the "solely defensive" qualification, the Defendants argue that their motions in the first case seeking to enforce section 147.140 transformed "the stance of the pleadings from merely defending against Plaintiffs' claims to asserting an affirmative right to substantive relief."

Aside from the obvious example of a counterclaim, however, the Defendants cite no examples of an "offensive" pleading being used to retain a court's jurisdiction after a rule 1.943 dismissal, let alone a case where we have even defined the phrase "solely defensive." The closest this court has come to defining that phrase appears to have been in a 1920s case upholding a plaintiff's voluntary dismissal and finding no offensive pleadings existed. *Eclipse Lumber Co. v. City of Waukon*, 213 N.W. 804, 807–08 (Iowa 1927). Looking to a case from 1904 for guidance (which similarly found no offensive pleadings at issue), we

narrowed the inquiry to "the contents of the pleading," rather than its technical label, and said that for a pleading to become offensive, it must in essence state its own cause of action:

> Thus it will not be sufficient if it appear that the averments of the pleading are all defensive in character; that is, a statement of matters of fact brought forward, *designed and intended simply to defeat, in whole or in part, a recovery by plaintiff. To entitle a defendant to proceed, his pleadings must state an independent cause of action*, with an appropriate demand for relief. It is not material that the cause stated involves, to a greater or less extent, the subject-matter of the cause of action as stated by plaintiff in his petition, but *it must contain within itself the essential elements of a cause of action. In legal effect, the defendant becomes plaintiff, and the plaintiff becomes defendant.*

*Id.* at 807 (emphases added) (quoting *Stewart v. Gorham*, 98 N.W. 512, 515 (Iowa 1904)).

The only thing the Defendants claim section 147.140 entitles them to is dismissal of the Kirlins' petition with prejudice—they do not set up an independent cause of action or take on the role of plaintiff simply by filing a motion to dismiss or for summary judgment. Nor could they, as section 147.140(6) is "designed and intended simply to defeat, in whole or in part, a recovery by plaintiff[s]" when the statutory requirements are not met. *Stewart*, 98 N.W. at 515; *see Struck v. Mercy Health Servs.-Iowa Corp.*, 973 N.W.2d 533, 542 (Iowa 2022) ("[T]he certificate of merit requirement serves to 'identify and weed non-meritorious malpractice claims from the judicial system . . . .'" (quoting *Womer v. Hilliker*, 908 A.2d 269, 275 (Pa. 2006))).

When the Kirlins voluntarily dismissed their first suit, it became "nonexistent" and "unreviewable." *See Lawson v. Kurtzhals*, 792 N.W.2d 251,

255 n.2 (Iowa 2010). Section 147.140 ceased operating, as it lacked a case over which to govern, and the Defendants' motions seeking to enforce that statute became moot. *See Ronnfeldt*, ___ N.W.2d at ___. When the Kirlins then refiled their suit, section 147.140 applied anew, and the Kirlins could not have relied on a certificate of merit from a previously filed and dismissed case to satisfy the statute any more than the Defendants may now rely on such a certificate to defeat the refiled petition. The district court erred as a matter of law when it granted summary judgment based only on the certificate of merit affidavit signed by Dr. Segal and provided in the dismissed case.

**IV. Conclusion.**

The district court's order granting summary judgment is reversed, and the case is remanded for further proceedings.

**REVERSED AND REMANDED.**

All justices concur except Christensen, C.J., who takes no part.